**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUZ MATA,                                                    ) | |
| parent and next friend of A.M., a minor      ) | |
| and parent and next friend of C.M., a minor ) | |
| 1630 Park Road, NW                                    ) | |
| Washington, D.C.  20010                             ) | |
|                                                                    ) | |
|                              Plaintiffs,                        ) | Civil Action No. |
|                                                                    ) | |
|          v.                                                        ) | |
|                                                                    ) | |
| ELSIE WHITLOW STOKES                          ) | |
| COMMUNITY FREEDOM P.C.S.                 ) | |
| 3220 16th Street, NW                                   ) | |
| Washington, D.C.  20010                             ) | |
|                                                                    ) | |
| serve:                                                            ) | |
|                                                                    ) | |
| LINDA R. MOORE, Registered Agent          ) | |
| 3220 16th Street, NW                                   ) | |
| Washington, D.C. 20010                              ) | |
|                                                                    ) | |
|                              Defendant.                        ) | |
|                                                                    ) | |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF**

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald and

Roxanne D. Neloms, James E. Brown & Associates, PLLC, and in their Complaint for

Declaratory, Injunctive, and Other Relief respectfully represent unto this Honorable Court

as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for full reimbursement of attorneys' fees and costs

incurred by Plaintiffs in their claims against the Defendant pursuant to the Individuals

1

with Disabilities Education Improvement Act of 2004 ("IDEIA"). Defendant has failed to

carry out its legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing

parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to

obtain the full reimbursement due them.

### JURISDICTION

2.     This Court has jurisdiction pursuant to:

   a.          The Individuals with Disabilities Education Improvement

               Act, 20 U.S.C. §§1400-1461 ("IDEIA"); 29 U.S.C. §794;

               28 U.S.C. §§ 1441 and 1442; the *Mills* decree; and pendent

               jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1

               - 3701.3 (2003);

   b.     Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### PARTIES

4.     Plaintiffs are children eligible to receive special education from the District

of Columbia as defined by the IDEIA and Section 504, as well as their parent or guardian,

who, at all times relevant to this action, were residents of the District of Columbia, and who

prevailed in administrative hearings held pursuant to the IDEIA. The parent brings this action

on behalf of the children and in her own right, and the minor Plaintiffs are designated as

follows:

   a.     At all times relevant hereto, Ariela Mata was a student in Elsie

Whitlow Stokes Community Freedom Public Charter School's ("EWS") Special Education

Program in the District of Columbia. On or about November 4, 2002, Plaintiffs, by and

through counsel, filed a hearing request, alleging that EWS denied A.M. access to a free

appropriate public education ("FAPE") when it failed to determine eligibility, failed to

consider conclusions and recommendations of evaluations, and failed to comprehensively

evaluate. For relief, Plaintiffs requested that in addition to determining that A.M. had been

denied FAPE, that A.M. receive neurological psychological and psychiatric evaluations, that

EWS convene a MDT meeting to determine eligibility, and that the MDT team further

considered compensatory education services to remedy the denial of FAPE. On or about

February 25, 2003, Plaintiffs appeared before an Impartial Administrative Hearing Officer,

who ordered EWS to notify the parent at the end of the third quarter if the MDT will be

meeting to discuss the student's entitlement to compensatory instructional time. Plaintiffs

prevailed as that term is defined by law. Plaintiffs' attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $11,639.36 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant has refused to reimburse the parent for her attorneys' fees and costs without

reason. As a result, $11,639.36 is still due and owing from the Defendant. Copies of the

Hearing Request, Hearing Officer's Determination ("HOD"), and Fee Application with

invoice are attached hereto as EXHIBIT 1.

    b.  At all times relevant hereto, Carlos Mata was a student in

Elsie Whitlow Stokes Community Freedom Public Charter School's ("EWS") Special

Education Program in the District of Columbia. On or about November 4, 2002, Plaintiffs,

by and through counsel, filed a hearing request, alleging that DCPS failed to evaluate the student comprehensively, and failed to properly consider the psycho educational evaluation dated June 27, 2002. For relief, Plaintiffs asked that EWS conduct a neurological-psychological evaluation within 30 calendar days or fund an independent evaluation, convene a BLMDT meeting within ten business days after completion of the evaluation to develop an appropriate Individualized Educational Program ("IEP"), place the child in an appropriate program or school within ten business days of developing the IEP, and provide compensatory education. On or about February 25, 2003, Plaintiffs appeared before an Impartial Administrative Hearing Officer, who ordered the MDT/IEP team to reconvene to consider the neurological report and revise the IEP as needed, in light of the incorrect designation of disability and the neurological assessment by March 11, 2003; and to discuss the student's entitlement to compensatory relief and develop a compensatory education plan. Plaintiffs prevailed as that term is defined by law. Plaintiffs' attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $11,890.41 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant has refused to reimburse the parent for her attorneys' fees and costs without reason. As a result, $11,890.41 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Fee Application with invoice are attached hereto as EXHIBIT 2.

5.      Elsie Whitlow Stokes Community Freedom Public Charter School is its own Local Education Agency ("LEA").

**FACTUAL ALLEGATIONS**

6.      On or about October 6, 2004, Plaintiffs timely submitted their claims for reimbursement of reasonable attorneys' fees and costs to Defendant.

7.      That according to Defendant's Guidelines for the Payment of Attorney Fees in IDEA Matters, claims for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 90 days of submission.

8.      That more than 90 days have elapsed since Plaintiffs' timely submission of claims for reimbursement of reasonable attorneys' fees and costs to Defendant. Therefore, Plaintiffs' claims are considered denied by Defendant.

9.      That Defendant has refused and failed to pay Plaintiffs' Attorney Fee Applications without reason.

10.      That Defendant refuses to make full reimbursement of Plaintiffs' reasonable attorneys' fees and costs.

11.      That Defendant knowingly, intentionally, and in contravention of settled law substitutes its own subjective standards for those articulated by this Court and the IDEIA in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs.

12.      That a party prevails if resolution of the dispute causes "material alteration" of the "legal relationship between the parties," and the Plaintiff obtains "at least some relief on the merits of his claim" that "directly benefit[s] him at the time of the judgment or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

13.      That, in accordance with the law, Plaintiffs herein are prevailing parties.

14.      That Plaintiffs, such as those herein, who prevail under the IDEIA, 20

U.S.C. § 1400 *et seq.*, in an administrative proceeding or in a court action against the Defendant, may recover "reasonable" attorneys' fees.

15.    That the amount of attorneys fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

16.    That the rate for "reasonable" attorneys' fees has been set by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

17.    That the attorney's current billing rates, as evidenced by the invoices attached as EXHIBITS hereto, are reasonably consistent with the prevailing market rate and the hours claimed were reasonable and necessary rather than excessive as claimed by Defendant.

18.    That Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

19.    That in all instances herein, the Defendant's refusal to pay and/or denial of Plaintiffs' Attorney Fee Applications is arbitrary, capricious and without a basis in law or fact.

20.    That this Court and the IDEIA clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties, such as the Plaintiffs herein.

21.    That Defendant has summarily refused to pay Plaintiffs' applications for all costs associated with their cases.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.      Enter an Order directing Defendant to pay any and all reimbursements to the Plaintiffs as and for Attorneys' Fees.

2.      Enter an Order directing Defendant to pay any and all reimbursements to the Plaintiffs as and for Costs.

3.      Award each Plaintiff pre-judgment interest on each award.

4.      Award to Plaintiffs attorneys' fees and costs incurred in prosecuting the instant lawsuit.

5.      Award such other relief as may be just and proper.


                                        Respectfully Submitted,



                                        _____
                                        Tilman L. Gerald, Esq.[928726]
                                        Roxanne D. Neloms [478157]
                                        James E. Brown & Associates, PLLC
                                        1220 L Street, NW, Suite 700
                                        Washington, D.C. 20005
                                        (202)742-2000
                                        **Attorneys for Plaintiffs**