# EXHIBIT 1

## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## DUE PROCESS HEARING REQUEST

- This form may be used to give notice to the District of Columbia Public School and / or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to their child.

- Notice must be sent to Student Hearing Office of the District of Columbia, 825 North Capital Street, NE, 8th Floor, Washington, and DC 20002. Fax number (202) 442-5556.

Federal law requires that when a parent or representative request mediation, it shall be offered to the parties at no cost. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION  ___ I REQUEST MEDIATION AND A HEARING  _X_ REQUEST A HEARING

### STUDENT FOR WHOM MEDIATION / DUE PROCESS HEARING IS REQUESTED

| | |
|---|---|
| Student Name:<br>Ariela Mata | Present School of Attendance:<br>Elise Whitlow Stokes Community Freedom PCS |
| Date of Birth:<br>May 30, 1996 | Home School: (Neighborhood school where child is registered)<br>Elise Whitlow Stokes Community Freedom PCS |
| Address:<br>1630 Park Rd. NW, # 106<br>Washington, D.C. 20010 | |

ENTITY AGAINST WHICH COMPLAINT IS MADE:    Elise Whitlow Stokes Community Freedom PCS
DCPS and/or D.C. Charter School
(Specify which charter school, if applicable)

## INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name:    Luz Mata

Address:    1630 Park Road, NW, #106, Washington, D.C. 20010

Phone: (H) 202 986-5584    (W)  202 770-3000    (F)

Relationship to Student: _X_ Parent ____ Self ____ Legal Guardian __ Parent Surrogate ____Public Agency

## PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable)

Name:    Miguel A. Hull, Esquire  (Murrell & Brown)

Address: 1220 L Street, NW, Suite 700, Washington, DC 20005

Phone:  (W) 202-742-2000    (F)  202-742-2098

1. Please indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if requested) and three (3) dates within the next thirty-

five (35) days when you, your representative and witnesses are available for the hearing (if requested). Every effort will be made to accommodate your availability to the extent possible.

Hearing:                                    Mediation:

1) December 4, 2002                          1) _____

2) December 7, 2002                          2) _____

3) December 8, 2002                          3) _____

### STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
### REQUEST FOR MEDIATION / HEARING

2.    Special Accommodation Requests for Mediation / Due Process Hearing (please be specific)

- Interpreter

    X    Foreign Language (   **Spanish**   )

    __    Sign Language ( _____ )

    __    Other ( _____ )

- Special Communication ( _____ )
- Special Accommodation for Disability ( _____ )
- Other ( _____ )

3.    In accordance with the Individuals with Disabilities Act (IDEA), please answer below:

**Describe the nature of the problem.**

o    Denial of Free Appropriate Public Education – Inappropriate determination of ineligibility; Failure to consider conclusions and recommendations of evaluations; and Failure to Comprehensively Evaluate. Ariela Mata is a six-year-old girl currently attending the 1st grade at Elise Whitlow Stokes Community Freedom Public Charter School in the District of Columbia. On October 3, 2002, a multi-disciplinary team met and determined that Ariela was ineligible for special education and related services. Her mother, Luz Mata, now respectfully asserts that this determination was inappropriate and violates Ariela's rights under the Individuals with Disabilities Education Act [IDEA]. Specifically, the team did not properly consider the conclusions and recommendations of the child's evaluations. A psychological-educational evaluation dated August 28, 2002, explicitly stated that the child had Attention Deficit Hyper Activity Disorder [ADHD] and recommended that the child receive a neurological-psychological and psychiatric evaluation to further assess the child's ADHD. That evaluation also provided considerable information as to the child's difficulties in focusing and controlling her impulse while at school. In addition, a neurological "clinic letter" dated August 26, 2002, also stated that child had possible ADHD and also recommended a psychiatric assessment. Despite the possibility of ADHD raised by these reports, and the recommendations for further assessments, the team did not order the full neurological or psychiatric evaluations needed and instead, haphazardly proceeded to find the child ineligible. Accordingly the parent asserts that Stokes has violated the IDEA by inappropriately finding Ariela's ineligible for special education; by failing to consider the conclusions and recommendations of Ariela's evaluations; and by failing to comprehensively evaluate. See 34 C.F.R. Sec. 300.346 (a) (1) ("In Developing each child's IEP, the IEP team, shall consider [. . .] the results of the initial or most recent evaluation of the child."); 34 C.F.R. Sec.

300.532 (g) ("Each public agency shall ensure, at a minimum, that [. . .] the child is assessed in all areas related to the suspected disability [. . .]"); and 34 C.F.R. Sec. 300.532 (h) ("Each public agency shall ensure, at a minimum, that [. . .] the evaluation is sufficiently comprehensive to identify all of the child's special education and related services needs, whether or not commonly linked to the disability category in which the child has been classified."). The team at Stokes also failed to properly consider the recommendations of a speech & language evaluation dated September 19, 2002, which found the child's receptive and expressive language abilities to be below average.

- <u>The parent further asserts any additional facts or issues, related to those raised here that may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter.</u>

**Describe issues to be addressed at the mediation and / or hearing.**

- Did the team from Elise Whitlow Stokes Community Freedom PCS inappropriately fail to consider the psychological-educational evaluation dated August 28, 2002, and the Neurological "Clinic Letter" dated August 26, 2002, both of which raised strong suspicions of ADHD and recommended further assessments?
- Did the team from Elise Whitlow Stokes Community Freedom PCS inappropriately fail to consider the recommendations and conclusions of the speech & language evaluation dated September 19, 2002?
- Did Elise Whitlow Stokes Community Freedom PCS fail to comprehensively evaluate the child considering the strong suspicions of ADHD and its effects on the child's academic performance?
- Was the determination of ineligibility inappropriate given that the child may have ADHD which has not been properly assessed by the school?
- Is the child entitled to compensatory education for the delays caused by Elise Whitlow Stokes Community Freedom PCS?
- <u>The parent further asserts any additional facts or issues, related to those raised here that may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter.</u>
- <u>The parent reserves the right to add District of Columbia Public Schools as a party to this matter.</u>
- <u>If the proof offered at the due process hearing differs from the description of the nature of the problems, as stated above, and the proposed resolution of the problem, as stated below, then the parent hereby amends the hearing request to conform to the proof presented at and during the hearing.</u>

**Describe relevant facts relating to the problem.**

Please see section under Nature of the Problem.

**How would you like to see the problem corrected?**

The parent of Ariela Mata respectfully requests the following:

1. finding that Elise Whitlow Stokes Community Freedom PCS violated the provisions of the <u>Individuals with Disabilities Education Act</u> by failing to comprehensively evaluate this child, i.e. failing to conduct a neurological-psychological and psychiatric evaluation as recommended by the psychological-educational dated August 28, 2002 and the Neurological Clinic Letter dated August 26, 2002;

2. a finding that the ineligibility determination dated October 3, 2002 is inappropriate;

3. that Elise Whitlow Stokes Community Freedom PCS be ordered to conduct a neurological-psychological and psychiatric evaluation on this child within thirty calendar days and that if this is not done, then the parent shall have the right to conduct the evaluations independently the expense of Elise Whitlow Stokes Community Freedom PCS;

4. that Elise Whitlow Stokes Community Freedom PCS be ordered to convene a BLMDT meeting within ten (10) business days of either completing the evaluation described above, or receiving the parent's independent evaluations; the purpose of this meeting shall be to determine the child's eligibility for special education and related services and if found eligible to develop an appropriate IEP;

5. that, if the child is found eligible for special education and related services, Elise Whitlow Stokes

Community Freedom PCS be ordered to place the child in an appropriate program or school within ten (10) business days of developing the IEP described above, if placement is for a public school or program, or within twenty (20) business days if placement is for a private school or program;

6. that Elise Whitlow Stokes Community Freedom PCS provide any other relief deemed appropriate and relating to the violations committed here including but not limited to compensatory education;

7. that pursuant to 5 DCMR 3021.8, Elise Whitlow Stokes Community Freedom PCS be ordered to provide parents counsel copies of all evaluation reports and all educational records, not previously provided, at least sixteen [16] business hours before any meeting which the student or parent is entitled to attend or participate in;

8. that Elise Whitlow Stokes Community Freedom PCS be ordered to send all notices of meetings through counsel for the parent, Miguel A. Hull, via facsimile at 202-742-2098, with copies to the parent at least sixteen [16] business hours before any meeting which the student or parent is entitled to attend or participate in;

9. that the Student Hearing Office provide a hearing within twenty [20] calendar days of a request on any issue arising out of the noncompliance with DCPS's obligations arising here, or any disagreement with the assessment, program, or placement that the student may have;

10. Pursuant to IDEA and its implementing regulations, 34 C.F.R. Sec. 300.1, and 5 DCMR 3000, DCPS shall ensure that the rights of this student and parent are protected, and consistent with the Hearing Officer's preamble to all due process hearing that: "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child" and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

_____          November 5, 2002_____
Signature of Applicant/Parent             Date

**MAIL, FAX OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**825 North Capital Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number (202) 442-5556**

For Office Use Only:

Case Number: _____        Date of Received: _____

Student ID#: _____        Attorney Assigned: _____

H/M Schedule: _____        Special Education Record Received: _____

# CONFIDENTIAL

# HEARING OFFICER DETERMINATION

*Name of Student:*  **ARIELA MATA**

*Date of Birth:*  May 30, 1996

*Current Placement: Stokes Public Charter School*

*Date of Hearing:*  February 25, 2003

*Attorney for DCPS  -Denise J. Baker,  Esq.*

*Attorney for Parent - Miguel Hull, Esq.*

*Attorney for Charter School - Paul S. Dalton, Esq.*

*Hearing Officer:  Lois Hochhauser, Esq.*

Ariela Mata                                                    Page 2

I. **INTRODUCTION:**  This hearing took place on February 25, 2003 at the offices of the District of Columbia  Public Schools (DCPS) Student Hearing Office (SHO) located at 825 North Capitol Street in the  District of Columbia regarding **Ariela Mata**[1]. Denise J. Baker, Esq. represented DCPS.  Paul Dalton represented the Stokes Public Charter School (EWS).  Miguel Hull represented Luz Mata, Ariela's mother, who was present.  Review of the due process rights was waived.  Also present were: Alberto Navas translator for parent; Cynthia Scott, social worker;  Cheron Sutton-Brock, advocate; and Julie Camerata, EWS special education coordinator.

II.  **JURISDICTION:**  The proceeding was conducted pursuant to Individuals with Disabilities Education Act and its regulations; Rules of the Board of Education of the District of Columbia; Section 504 of the Rehabilitation Act and Section 145 of the District of Columbia Appropriations Act of 1999.

III. **ISSUES:** Is this matter ripe for resolution?  Is the student entitled to 35 hours of additional compensatory relief?

IV. **DOCUMENTS ENTERED INTO EVIDENCE:** The documents entered at the February 5 proceeding are incorporated herein.[2]

V.  **SUMMARY OF PROCEEDINGS, DISCUSSION, FINDINGS AND CONCLUSIONS**

At the beginning the hearing, the parties presented argument on EWS's motion to dismiss, which was opposed by the parent.  The basis for the motion was EWS's position that the matter was moot because the student has now been found eligible for special education and is receiving the necessary services. It argued that no relief can be ordered.  The parent argued that the matter was still ripe for resolution and that 35 hours of compensatory relief should be ordered.  After hearing argument and reviewing the documents, the motion was denied.  The reasons will be provided in the body of this Determination.

Ariela, born May 30, 1996, is identified as other health impaired (OHI) and is eligible for special education. (AM 9).  She currently attends kindergarten at EWS, a public charter school.

---

[1]This hearing was previously scheduled for January 15 and February 5, 2003.  The first hearing was continued at the request of EWS  and with consent of the other parties.  The February 5 hearing was continued because the translator for the parent failed to appear and because the parent cannot understand English, and declined to proceed without a translator.

[2]Since the documents submitted at the last proceeding were not in the SHO file and could not be located, the parent gave the Hearing Officer her set of documents after the proceeding.

Ariela Mata                                          Page 3

The OHI classification is based on a diagnosis of attention deficit hyperactivity disorder (ADHD). The parent contends that the student is eligible for compensatory relief. At the initial IEP meeting on October 3, 2002, the student was found ineligible for special education. The multidisciplinary team (MDT) notes include a statement that the student has ADHD. (AM 8). Mr. Dalton stated that upon consultation with him, the school recognized that a student with ADHD could be identified as eligible for special education. Therefore the MDT met again, and on November 26, 2002, determined the student was eligible based on the OHI classification because of the ADHD. (AM 9). Included in the meeting notes for that meeting is a statement that the student would receive compensatory services for the period between October 3 and November 26. Ariela will receive 3.5 extra hours of counseling and 7 additional hours of speech/language services (AM 10). The team stated that at the end of the third quarter, Ariela's teacher would certify whether or not she had "made sufficient progress towards her goals and will meet them by the end of the year. If she has not, the team will reconvene to discuss comp. ed." Id.

Ms. Sutton-Brock testified that she observed Ariela in October and that she was "hyperactive" during instruction. Ms. Camerata stated that Ariela's classroom teacher had advised her that Ariela is already performing on grade level. She testified that Ariela had made "tremendous progress" since last year, and that since the IEP meeting, Ariela's behavior had improved and she was participating in more school activities. Ariela is repeating kindergarten.

The parent contends that she has calculated that Ariela is entitled to 35 hours of additional compensatory relief[3]. EWS argues that she is already receiving compensatory relief and that the additional services are warranted only if the student is not progressing and that will be assessed at the end of the third quarter, i.e. the end of March. DCPS maintains that the matter is not yet ripe for resolution.

Hearing officers have the authority to grant compensatory relief. *Harris v. District of Columbia* (D.D.C. 1992). In *Parents of Student W v. Puyallup School District No. 3*, 21 IDELR 723 (1994), compensatory education was determined to be "an equitable and not a contractual remedy". A "fact specific" analysis must be undertaken in each case. Case law has established that there is no automatic entitlement and that each case must be examined on its own merits. The fact that Ariela missed five hours of

---

[3] The Hearing Officer assumes this is based on the five hours of specialized instruction included in the IEP.

Ariela Mata                                    Page 4

special education instruction for seven weeks does not automatically entitle her to 35 hours of special education as compensatory relief.

EWS and DCPS do not dispute that Ariela should have been found eligible for special education in October, and the Hearing Officer so concludes. EWS has already agreed to provide her with compensatory relief for speech/language therapy and counseling. However, EWS has declined to quantify the compensatory relief for instructional time until it determines if Ariela is meeting the goals and objectives of the IEP or at least in some way quantify the progress she has made from November to March. At this time, it has determined she is on grade level. The Hearing Officer concurs with DCPS that the matter is not yet ripe for resolution. There needs to be some assessment of what, if any services, Ariela needs to compensate her for the approximately seven weeks she was denied services. The end of the third quarter of the school year is a reasonable time for this to be done. If the parent disagrees with the assessment of Ariela's teacher, or if the team meets and the parent disagrees with its recommendations, she can then seek a hearing on the issue of compensatory relief.

VI. **DETERMINATION**: Based on the above findings and conclusions, and consistent with the analysis herein, it is hereby ordered:

**ORDERED**: EWS is to notify the parent at the end of the third quarter if the MDT will be meeting to discuss the student's entitlement to compensatory instructional time. If the parent does not agree with the decision of the school, either regarding the entitlement or the specific provision of services, she may seek a hearing on this issue.

Lois Hochhauser, Esq.
Hearing Officer

Submitted 2/28/03

Date issued: 3-3-03

**This is a final administrative decision. Appeals can be made to a court of competent jurisdiction within thirty days of the date of this Determination.**

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Juan J. Fernandez! ◊ |
|---|---|---|
| Domiento C.R. Hill* ◊ | •  1220 L Street, NW | Christina R. Busso♦◊ |
| Brenda McAllister* ◊ | Suite 700 | Tilman L. Gerald |
| Roberta Gambale | Washington, DC 20005 | Roxanne D. Neloms |
| Miguel A. Hull | Telephone: (202) 742-2000 | John A. Straus* ◊ |
| Christopher L. West♦◊ | Facsimile: (202) 742-2098 | |

* Admitted in Maryland Only

♦ Admitted in New York Only

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

Δ Member of the DC Federal Bar

October 6, 2004

Ms. Patricia Crain DeGalarce
Principal
**ELISE WHITLOW STOKES
COMMUNITY FREEDOM PCS**
3220 16th Street, N. W.
Washington, D.C. 20011

> **RE:**  **Our client: Ms. Luz Mata**
> **Name of Students: Ariel Mata**
> **Date of Birth: May 30, 1996**
> **Date of Hearing: February 25, 2003**

Dear Ms. DeGalarce:

We are enclosing herewith, for your review and favorable consideration, a copy of an invoice that was originally submitted for payment on April 17, 2003 in the amount of $11,639.36. As of the date hereof, the subject invoice remains unpaid. Therefore, we are hereby kindly requesting that you remit the full amount of this invoice upon receipt hereof. If you are without the authority necessary to make the remittance required, kindly forward this letter to the person having such authority so that we can conclude this matter without any further delay. If you should have any questions concerning this matter, you should direct your inquiries to the undersigned. Please note, however, that if payment is not received in full or if alternative satisfactory payment arrangements are not made within fourteen (14) days from the date hereof, we will construe that to mean that you have no intention of resolving this matter amicably and quickly, and we will advise our client accordingly. We close by thanking you in advance for your anticipated prompt remittance and cooperation.

Very truly yours,

**JAMES E. BROWN & ASSOCIATES, PLLC**

Tilman L. Gerald

Enclosure
TLG:ElsieWhitlow.LMata.ltr.100604



## Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Mata, Ariel |
| Date of Birth | 5/30/96 |
| Date of Request for Hearing | 11/4/02 |
| | Month / Day / Year |
| Parent/Guardian | Luz Mata |
| Address | 1630 Park Road, NW |
| | Washington, DC 20010 |
| Current School | Elise Whitlow Stokes Community Freedom PCS |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 03-002C |
| Date of Payment Request | 4/17/03 |
| Payment Request No. | 1 |
| Date Services Rendered | 10/15/02 to present |
| Current Payment Request | $11,639.36 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN*: **FOR**: **$11,639.36**

*Original*

## Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Mata, Ariel |
| Date of Birth | 5/30/96 |
| Date of Request for Hearing | 11/4/02 |
| | Month / Day / Year |
| Parent/Guardian | Luz Mata |
| Address | 1630 Park Road, NW |
| | Washington, DC 20010 |
| Current School | Elise Whitlow Stokes Community Freedom PCS |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 03-002C |
| Date of Payment Request | 4/17/03 |
| Payment Request No. | 1 |
| Date Services Rendered | 10/15/02 to present |
| Current Payment Request | $11,639.36 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN*: **FOR:** $11,639.36

# LEGEND

## ATTORNEY'S

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| TM | Travis Murrell, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| MID | Mary I. DuVall, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. (effective 3/19/03) |

## PARALEGAL'S/ LAW CLERKS/ADVOCATES

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| AJ | Altemese Johnson |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| EG | Edward Garcia |
| WB | Williams Bautista |
| JD2 | Jacqueline Donnell |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| NF | Nuvia Flores |
| HR | Heidi Romero |
| DM | Daniel Myers |
| KD | Kelly Dau |
| LM | Lorraine Mejia |
| MW | Marsha Wells |
| LD | Laura Dau |
| DA | Dixie Avelar |
| DP | Delmis Pineda |
| MT | Michele Torry, BA, L. Cert. |
| MM | Michelle Moody, MA |
| NP | Nadjai Plowden, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| MB | Margo Beeken, MA |
| DJ | Deanine Jones, MA |
| SM | Sharon Millis, M. Ed. |
| GR | Glenda Richmond, MA |
| MJB | Michael J. Byers, MA |
| JD | Jennifer Dugger, MS Ed. |
| CM | Carolyn Monford, MA |
| GH | Garfield Mark Holman, MA |
| MAB | Marlinda Boxley, MA, JD |

James E. Brown, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Ariela Mata

April 16, 2003

In Reference To:  Ariela Mata

Invoice # 12947

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/15/2002 | MH | Initial consultation with parent, paralegal, research and case preparation | 0.58<br>275.00/hr | 159.50 |
| | AAG | Initial conference with parent in office | 0.58<br>95.00/hr | 55.10 |
| 10/17/2002 | AAG | Drafted letter to advocate | 0.38<br>95.00/hr | 36.10 |
| | AAG | Draft memorandum of law  to child's attorney | 0.43<br>95.00/hr | 40.85 |
| | AAG | Drafted translated letter to parent | 1.00<br>95.00/hr | 95.00 |
| 10/21/2002 | CS | Reviewed,Intake info | 0.67<br>150.00/hr | 100.50 |
| 11/1/2002 | SM | Record review & discussion with attorney | 1.00<br>150.00/hr | 150.00 |
| | MH | Record review & discussion with educational expert, Sharon Millis. Discussed strategy for obtaining FAPE from charter school and DCPS. | 1.00<br>275.00/hr | 275.00 |
| 11/5/2002 | MH | Prepared Due Process Hearing Request regarding school's failure to comprehesively evaluate child and school's inappropriate determination of ineligibility. | 2.50<br>275.00/hr | 687.50 |

Ariela Mata

| Date | Init | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/5/2002 | MH | Drafted letter to DCPS / Attorney; and private attorney, Paul Dalton regarding Charter School's failure to provide FAPE.  Also requested that DCPS, as the respective SEA, become involved in case . | 0.50 275.00/hr | 137.50 |
| | MH | Record reviewed and discussion with advocate | 0.17 275.00/hr | 46.75 |
| | MH | Reviewed educational records in file including evaluations and teacher reports from charter school. | 0.75 275.00/hr | 206.25 |
| | CS | Discussion with the child's attorney | 0.17 150.00/hr | 25.50 |
| 11/13/2002 | JF | Drafted and translated letter to parent | 1.17 250.00/hr | 292.50 |
| | JF | Reviewed hearing request with advocate | 0.33 250.00/hr | 82.50 |
| | CS | Reviewed hearing request | 0.33 150.00/hr | 49.50 |
| 11/14/2002 | MH | Record review & discussion with educational advocate and legal assistant.  Discussed pending hearing and need for observation at charter school. | 0.17 275.00/hr | 46.75 |
| | JF | Record reviewed and discussion with attorney and advocate | 0.17 250.00/hr | 42.50 |
| | CS | Discussion with the child's attorney and legal assistant | 0.17 150.00/hr | 25.50 |
| 11/15/2002 | CS | Drafted letter to Stokes PCS | 0.33 150.00/hr | 49.50 |
| 11/18/2002 | CS | Discussion with Ms.Camerata at Stokes PCS re: child's classification | 0.50 150.00/hr | 75.00 |
| 11/19/2002 | MH | Conference with parent regarding charter school's decision to reconvene MDT meeting to revisit child's eligibility. | 0.17 275.00/hr | 46.75 |
| | CS | Discussion with Julie Camareta | 0.50 150.00/hr | 75.00 |
| 11/20/2002 | MH | Discussion with social worker regarding case status.  Discussed continued denial of FAPE by charter school and DCPS. | 0.25 275.00/hr | 68.75 |
| 11/21/2002 | CS | School visit ; classroom observation at Elsie Stokes PCS | 3.00 150.00/hr | 450.00 |
| | CS | Discussion with the child's attorney | 0.25 150.00/hr | 37.50 |

Ariela Mata

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/21/2002 | MH | Record reviewed and discussion with advocate | 0.25<br>275.00/hr | 68.75 |
| 11/22/2002 | CS | Reviewed neurology clinic letter | 0.25<br>150.00/hr | 37.50 |
| | CS | Reviewed clinical assessment | 0.50<br>150.00/hr | 75.00 |
| | CS | Reviewed speech and language evaluation | 0.33<br>150.00/hr | 49.50 |
| | CS | Discussion with Julie Camerata | 0.50<br>150.00/hr | 75.00 |
| | CS | Discussion with John Walsh | 0.25<br>150.00/hr | 37.50 |
| 11/26/2002 | CS | Discussion with the child's attorney | 0.17<br>150.00/hr | 25.50 |
| | CS | Attended MDT/IEP meeting at Elsie -Whitlow Stokes PCS | 4.00<br>150.00/hr | 600.00 |
| | MH | Record reviewed and discussion with advocate | 0.17<br>275.00/hr | 46.75 |
| 11/27/2002 | CS | Research file notes | 0.33<br>150.00/hr | 49.50 |
| 12/10/2002 | MH | Discussion with DCPS student hearing coordinator, Ms. Rose Gill, in effort to have hearing scheduled.  Hearing request was filed over a month and half ago and hearing is long overdue. | 0.08<br>275.00/hr | 22.00 |
| 12/11/2002 | KD | Requested interpreter for spanish translation from the Student Hearing Office, Rose Gill | 0.50<br>95.00/hr | 47.50 |
| | KD | Drafted letter and translated for the parent re:hearing date | 0.83<br>95.00/hr | 78.85 |
| 12/13/2002 | CS | Research implementation  of IEP programming | 0.67<br>150.00/hr | 100.50 |
| 12/18/2002 | CS | Research/ progress of program implemetation | 0.75<br>150.00/hr | 112.50 |
| 12/27/2002 | CS | Discussion with Cynthia Scott regarding counseling services. | 0.33<br>150.00/hr | 49.50 |
| | CS | Discussion with SW from community agency regarding recent IEP. | 0.25<br>150.00/hr | 37.50 |

Ariela Mata

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/3/2003 | CS | Discussion with SW from outside agency regarding IEP meeting updates. | 0.17 150.00/hr | 25.50 |
| 1/7/2003 | MH | Prepare disclosure to DCPS and charter school. Reviewed hearing request, MDT notes, evaluations, and other documents to identify exhibits and witnesses. Drafted disclosure letter with legal assistant who assisted in review of documents. | 1.50 275.00/hr | 412.50 |
| 1/8/2003 | KD | Assist attorney to prepare disclosure to DCPS | 1.50 95.00/hr | 142.50 |
| 1/9/2003 | KD | Research educational needs / re-file docs used in disclosure and tab | 0.75 95.00/hr | 71.25 |
| | CS | Reviewed disclosure for upcoming hearing | 1.25 150.00/hr | 187.50 |
| 1/10/2003 | CS | Prepared for Due Process Hearing; reviewed for hearing testimony | 0.33 150.00/hr | 49.50 |
| | MH | Prepared for Due Process Hearing regarding DCPS's inappropriate placement of child. Reviewed case with educational advocate who is expected to be witness at hearing. Discussed her potential testimony. | 0.33 275.00/hr | 90.75 |
| 1/14/2003 | MH | Drafted letter to DCPS Student hearing office / Attorney regarding charter school's request for continuance of hearing. | 0.33 275.00/hr | 90.75 |
| 1/16/2003 | KD | Drafted letter and translated for the parent regarding case status and updating their address and telephone numbers | 0.92 95.00/hr | 87.40 |
| | KD | Research educational needs / review records and read case notes | 0.75 95.00/hr | 71.25 |
| 1/17/2003 | KD | Research educational needs/re-file documents used in disclosure | 0.33 95.00/hr | 31.35 |
| 1/24/2003 | JF | Research educational needs | 0.75 250.00/hr | 187.50 |
| 1/28/2003 | JF | Research educational needs | 0.75 250.00/hr | 187.50 |
| | KD | Research educational needs/fax documents re: objection to continuance to DCPS and Paul Dalton | 0.25 95.00/hr | 23.75 |
| 2/4/2003 | CS | Prepared for Due Process Hearing; | 1.50 150.00/hr | 225.00 |
| | MH | Prepared for Due Process Hearing against DCPS and charter school. Reviewed our file and DCPS disclosure. Prepared opening and closing statements, and direct and cross examinations. Discussions with potential witnesses. | 3.00 275.00/hr | 825.00 |

Ariela Mata                                                                                              Page     5

|            |    |                                                                                                                                                                                                           | Hrs/Rate | Amount |
|------------|----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------|--------|
| 2/5/2003   | MH | Appearance at hearing.  Hearing was rescheduled because interpreter did not arrive.  Time includes travel to and from hearing site as well as time spent waiting for interpreter.                          | 1.00 275.00/hr | 275.00 |
|            | KD | Phone call to SHO to confirm interpreter for hearing                                                                                                                                                       | 0.17 95.00/hr | 16.15 |
|            | CS | Appearance at hearing with attorney ;                                                                                                                                                                      | 1.00 150.00/hr | 150.00 |
| 2/12/2003  | JF | Draft and translated case status letter to parent                                                                                                                                                         | 0.83 250.00/hr | 207.50 |
| 2/20/2003  | CS | Reviewed Speech / Language report                                                                                                                                                                          | 0.50 150.00/hr | 75.00 |
|            | CS | Examined previous progress notes.                                                                                                                                                                          | 0.33 150.00/hr | 49.50 |
|            | MH | Legal research to respond to charter school's motion to dismiss claim for mootness.  Also drafted and revised written response to charter school's motion.                                                 | 1.00 275.00/hr | 275.00 |
|            | MH | Prepared for Due Process Hearing against DCPS and Charter School. Reviewed disclosure from charter school.                                                                                                 | 1.00 275.00/hr | 275.00 |
| 2/21/2003  | CS | Reviewed ; Disclosure materials for hearing.                                                                                                                                                               | 0.75 150.00/hr | 112.50 |
|            | CS | Prepared for Due Process Hearing                                                                                                                                                                           | 1.00 150.00/hr | 150.00 |
| 2/24/2003  | JF | Research educational needs                                                                                                                                                                                 | 0.75 250.00/hr | 187.50 |
|            | MH | Prepared for Due Process Hearing against DCPS and Charter School. Reviewed all disclosed materials, and notes on possible direct and cross examinations.  Discussed issues with parent and social worker.  | 0.67 275.00/hr | 184.25 |
| 2/25/2003  | CS | Appearance to 825 North Capital for due process hearing                                                                                                                                                    | 1.75 150.00/hr | 262.50 |
|            | MH | Appearance to 825 North Capital for due process hearing regarding charter school's failure to provide child with free approrpaite public education.  Time includes travel to and from hearing site, review of exhibits, discussions with witnesses, and other final preparations. | 1.75 275.00/hr | 481.25 |
|            | JF | Accompanied child's attorney to hearing as  interpreter for parent.                                                                                                                                        | 1.75 250.00/hr | 437.50 |
| 3/4/2003   | MH | Discussion with child's social worker regarding recent behavior at school.                                                                                                                                 | 0.17 275.00/hr | 46.75 |

Ariela Mata

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/11/2003 | JF | Research educational needs, confernce with parent | 0.75 250.00/hr | 187.50 |
| 3/18/2003 | MH | Reviewed Hearing Officer's Determination received today from DCPS. Made notes to file. | 0.17 275.00/hr | 46.75 |
| | JEB | Reviewed Hearing Officer's Determination and discussion with attorney | 0.17 300.00/hr | 51.00 |
| 3/24/2003 | KD | Drafted letter and translated for the parent/enclosed HOD | 0.50 95.00/hr | 47.50 |
| | KD | Drafted letter to parent/enclosed HOD | 0.42 95.00/hr | 39.90 |
| | KD | Reviewed HOD, case notes and main records | 0.75 95.00/hr | 71.25 |
| 4/2/2003 | MH | Conference with parent regarding child's current academic progress and services that she is receiving. | 0.17 275.00/hr | 46.75 |
| | | For professional services rendered | 58.99 | $11,255.70 |

Additional Charges :

| | | |
|---|---|---|
| 10/15/2002 | Copied documents | 2.50 |
| 10/17/2002 | Postage | 0.37 |
| | Copied documents | 1.50 |
| 11/5/2002 | Facsimile to Anne Gaye | 16.00 |
| | Facsimile to Judy Smith | 16.00 |
| | Facsimile to Paul Dalton | 16.00 |
| | Facsimile to OGC | 16.00 |
| | Facsimile to Paul Dalton | 7.00 |
| | Facsimile to SHO | 5.00 |
| | Copied documents | 1.75 |
| 11/13/2002 | Postage | 0.74 |
| | Facsimile | 1.00 |
| | Copied documents | 0.50 |

Ariela Mata                                                                          Page       7

|            |                                                          | Amount  |
|------------|----------------------------------------------------------|---------|
| 11/15/2002 | Facsimile to school                                      | 1.00    |
| 11/27/2002 | Copies                                                   | 3.50    |
| 12/10/2002 | Facsimile                                                | 4.00    |
| 12/11/2002 | Copied documents                                         | 0.50    |
|            | Mail letter                                              | 0.37    |
| 1/8/2003   | Copied documents Disclosure                              | 57.50   |
|            | Copied documents Disclosure.,                            | 57.50   |
|            | Messenger Service to and from DCPS                       | 20.00   |
| 1/9/2003   | Postage. Disclosure pckg.                                | 2.96    |
| 1/14/2003  | Facsimile rec'd from Dalton                              | 3.00    |
| 1/16/2003  | Postage ; Case status  in Eng/Span.                      | 0.37    |
|            | Copied documents                                         | 0.50    |
| 2/4/2003   | Copied documents, notes for hearing.                     | 1.50    |
|            | Copied documents; copy of parly case .                   | 3.00    |
| 2/5/2003   | Sedan taxi service from DCPS (attorney)                  | 7.00    |
|            | Parking at DCPS for hearing (advocate)                   | 5.00    |
| 2/12/2003  | Postage                                                  | 0.37    |
|            | Copied documents                                         | 0.50    |
| 2/20/2003  | Facsimile/Motion to OGC,SHO & Dalton                     | 12.00   |
| 2/21/2003  | Copied documents/Five-Days Disclosure                    | 6.25    |
| 2/25/2003  | Sedan taxi service to DCPS for hearing                   | 7.00    |
| 3/18/2003  | Copied documents/ HOD For Parent                         | 5.00    |
| 3/24/2003  | Postage/ HOD to Parent w/CVR Letter in Eng./Span.        | 0.60    |
|            | Copied documents/ HOD w/CVR Letter For: Advocate & File  | 3.00    |
| 4/15/2003  | File review preparation of bill and invoice audit        | 96.88   |
|            | Total costs                                              | $383.66 |

Ariela Mata
Page    8

| | Amount |
|---|---|
| Total amount of this bill | $11,639.36 |
| Balance due | $11,639.36 |