# EXHIBIT 2

EXHIBIT

CM-1
ALL-STATE LEGAL

## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## DUE PROCESS HEARING REQUEST

- This form may be used to give notice to the District of Columbia Public School and / or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to their child.

- Notice must be sent to Student Hearing Office of the District of Columbia, 825 North Capital Street, NE, 8th Floor, Washington, and DC 20002. Fax number (202) 442-5556.

> Federal law requires that when a parent or representative request mediation, it shall be offered to the parties at no cost. Mediation may be beneficial in your case. Please indicate your decision:
>
> ___ I REQUEST MEDIATION    ___ I REQUEST MEDIATION AND A HEARING    __X__ REQUEST A HEARING

### STUDENT FOR WHOM MEDIATION / DUE PROCESS HEARING IS REQUESTED

| | |
|---|---|
| Student Name:<br>Carlos Mata | Present School of Attendance:<br>Elise Whitlow Stokes Community Freedom PCS |
| Date of Birth:<br>March 3, 1992 | Home School: (Neighborhood school where child is registered)<br>Elise Whitlow Stokes Community Freedom PCS |
| Address:<br>1630 Park Rd. NW, # 106<br>Washington, D.C. 20010 | |

ENTITY AGAINST WHICH COMPLAINT IS MADE:     Elise Whitlow Stokes Community Freedom PCS
DCPS and/or D.C. Charter School
(Specify which charter school, if applicable)

## INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name:   Luz Mata

Address:   1630 Park Road, NW, #106, Washington, D.C. 20010

Phone: (H) 202 986-5584        (W)  202 770-3000            (F) _____

Relationship to Student:  _X_  Parent  ____ Self ____ Legal Guardian __ Parent Surrogate ____Public Agency

## PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable)

Name:    Miguel A. Hull, Esquire  (Murrell & Brown)

Address: 1220 L Street, NW, Suite 700, Washington, DC 20005

Phone:  (W) 202-742-2000                (F)  202-742-2098

1.  Please indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if requested) and three (3) dates within the next thirty-

five (35) days when you, your representative and witnesses are available for the hearing (if requested). Every effort will be made to accommodate your availability to the extent possible.

Hearing:                                          Mediation:

1) December 3, 2002 _____     1) _____

2) December 4, 2002 _____     2) _____

3) December 5, 2002 _____     3) _____


### STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
### REQUEST FOR MEDIATION / HEARING

2.    Special Accommodation Requests for Mediation / Due Process Hearing (please be specific)

- Interpreter

    **X**    Foreign Language (_____**Spanish**_____ )

    __    Sign Language ( _____ )

    __    Other ( _____ )


- Special Communication ( _____ )

- Special Accommodation for Disability ( _____ )

- Other ( _____ )


3.    In accordance with the Individuals with Disabilities Act (IDEA), please answer below:

**Describe the nature of the problem.**

- Denial of Free Appropriate Public Education – Inappropriate Individualized Educational Program; Failure to to Comprehensively Evaluate. Carlos Mata is a ten-year-old boy currently attending the 4th grade at Elise Whitlow Stokes Community Freedom PCS in the District of Columbia. He is currently receiving special education and related services as a child who is other health impaired [Asperger's Syndrome]. On July 30, 2002, a multi-disciplinary team met on behalf of Carlos and developed an initial IEP in which Carlos was provided with eleven hours of specialized instruction and related services per week and classified as Other Health Impaired, based on his suffering from Asperger's Syndrome. Before this meeting, Carlos had gone through a psychological-educational evaluation that diagnosed a mathematics disorder, found evidence of emotional problems, and possible Asperger's Syndrome, for which a neuropsychological evaluation was recommended. See Psycho-ed 6/27/02. At the meeting on July 30th, however, the team failed to include the mathematics disorder in the IEP classification and also failed to develop math goals and objectives. See 34 C.F.R. Sec. 300.346 (a) (1) ("In Developing each child's IEP, the IEP team, shall consider [. . .] the results of the initial or most recent evaluation of the child."); 34 C.F.R. Sec. 300.347 (a) (IEP is to include a statement of goals and objectives). In addition, rather than refer the child for the neuro-psychological evaluation that the psycho-educational recommended, the team instead merely instructed the parents to obtain the evaluation on their own in gross violation of the Individuals with Disabilities Act. See 34 C.F.R. 300.532 (g) ("Each public agency shall ensure, at a minimum, that [. . .] the child is assessed in all ares related tot eh suspected disability [. . . ]"); and 34 C.F.R. 300.532 (h) ("Each public agency shall ensure, at a minimum, that [. . . ] the evaluation is sufficiently comprehensive to identify all of the child's special education and related services needs, whether or not commonly linked to the disability

category in which the child has been classified.").

- The parent further asserts any additional facts or issues, related to those raised here that may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter.

**Describe issues to be addressed at the mediation and / or hearing.**

- Did the team from Elise Whitlow Stokes Community Freedom PCS inappropriately fail to consider the psychological-educational evaluation dated June 27, 2002, in which the child was found to have a mathematics disorder and also found to have emotional problems relating to self esteem?
- Did Elise Whitlow Stokes Community Freedom PCS fail to comprehensively evaluate the child considering that his psychological-educational evaluation dated June 27, 2002, clearly recommended that a neurological evaluation be done?
- Is the child entitled to compensatory education for the delays caused by DCPS?
- The parent further asserts any additional facts or issues, related to those raised here that may arise or be discovered subsequent to this filing or prior to or during the hearing in this matter.
- The parent reserves the right to add District of Columbia Public Schools as a party to this matter.
- If the proof offered at the due process hearing differs from the description of the nature of the problems, as stated above, and the proposed resolution of the problem, as stated below, then the parent hereby amends the hearing request to conform to the proof presented at and during the hearing.

**Describe relevant facts relating to the problem.**

Please see section under Nature of the Problem.

**How would you like to see the problem corrected?**

The parent of Carlos Mata respectfully request the following:

1. a finding that Elise Whitlow Stokes Community Freedom PCS violated the provisions of the Individuals with Disabilities Education Act by failing to properly classify and provide goals & objectives for this child's mathematics disability;

2. finding that Elise Whitlow Stokes Community Freedom PCS violated the provisions of the Individuals with Disabilities Education Act by failing to comprehensively evaluate this child, i.e. failing to conduct a neurological-psychological evaluation as recommended by the psychological-educational dated June 27, 2002;

3. a finding that the IEP developed on July 30, 2002, is inappropriate;

4. that Elise Whitlow Stokes Community Freedom PCS be ordered to conduct a neurological-psychological evaluation on this child within thirty calendar days and that if this is not done, then the parent shall have the right to an independent neurological-psychological evaluation at Elise Whitlow Stokes Community Freedom PCS's expense;

5. that Elise Whitlow Stokes Community Freedom PCS be ordered to convene a BLMDT meeting within ten (10) business days of either completing the evaluation described above, or receiving the parent's independent evaluation; the purpose of this meeting shall be to develop an appropriate IEP;

6. that Elise Whitlow Stokes Community Freedom PCS be ordered to place the child in an appropriate program or school within ten (10) business days of developing the IEP described above if placement is for a public school or program, or within twenty (20) business days if placement is for a private school or program;

7. that Elise Whitlow Stokes Community Freedom PCS provide any other relief deemed appropriate and relating to the violations committed here including but not limited to compensatory education;

8. that pursuant to 5 DCMR 3021.8, Elise Whitlow Stokes Community Freedom PCS be ordered to provide parents counsel copies of all evaluation reports and all educational records, not previously

provided, at least sixteen [16] business hours before any meeting which the student or parent is entitled to attend or participate in;

9.  that Elise Whitlow Stokes Community Freedom PCS be ordered to send all notices of meetings through counsel for the parent, Miguel A. Hull, via facsimile at 202-742-2098, with copies to the parent at least sixteen [16] business hours before any meeting which the student or parent is entitled to attend or participate in;

10. that Elise Whitlow Stokes Community Freedom PCS provide a hearing within twenty [20] calendar days of a request on any issue arising out of the noncompliance with DCPS's obligations arising here, or any disagreement with the assessment, program, or placement that the student may have;

11. Pursuant to IDEA and its implementing regulations, 34 C.F.R. Sec. 300.1, and 5 DCMR 3000, DCPS shall ensure that the rights of this student and parent are protected, and consistent with the Hearing Officer's preamble to all due process hearing that: "the hearing officer will rule on the evidence as presented at the hearing and will ACT in the BEST INTEREST of the child" and make a ruling consistent with the obligation of DCPS and the hearing officer's responsibility.

_____     November 4, 2002_____
Signature of Applicant/Parent          Date

**MAIL, FAX OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**825 North Capital Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number (202) 442-5556**

| For Office Use Only: | |
|---|---|
| Case Number: _____ | Date of Received: _____ |
| Student ID#: _____ | Attorney Assigned: _____ |
| H/M Schedule: _____ | Special Education Record Received: _____ |

**Law Offices of**
**MURRELL & BROWN**

1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
Tel. (202) 742-2000
Fax (202) 742-2098

# FAX COVER SHEET

DATE:           November 4, 2002

TO:             Hearing Coordinator
                Student Hearing Office of the District of Columbia Public Schools

TEL NO.:        202-442-5432

FAX NO.:        202-442-5556

FROM:           Miguel A. Hull, Esq.

SUBJECT:        **Due Process Hearing Request and signed authorization in the matter of
                Carlos Mata, DOB: 3/3/92**

NUMBER OF PAGES INCLUDING COVER SHEET:          **five**
COMMENTS:

The attached information is **CONFIDENTIAL** and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s). Please note that any dissemination, distributions or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO              0578
CONNECTION TEL                    92024425556
CONNECTION ID        DCPS SPECIAL ED
ST. TIME             11/04 14:51
USAGE T              01'42
PGS. SENT                5
RESULT               OK
```

**Law Offices of**
**MURRELL & BROWN**

1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
Tel. (202) 742-2000
Fax (202) 742-2098

# FAX COVER SHEET

DATE:          November 4, 2002

TO:            Hearing Coordinator
               Student Hearing Office of the District of Columbia Public Schools

TEL NO.:       202-442-5432

FAX NO.:       202-442-5556

FROM:          Miguel A. Hull, Esq.

SUBJECT:       **Due Process Hearing Request and signed authorization in the matter of
               Carlos Mata, DOB: 3/3/92**

NUMBER OF PAGES INCLUDING COVER SHEET:          **five**
COMMENTS:

# CONFIDENTIAL

# HEARING OFFICER DETERMINATION

Name of Student:  **CARLOS MATA**

Date of Birth:  March 3, 1992

Current Placement: Stokes Public Charter School

Date of Hearing:  February 25, 2003

Attorney for DCPS  -Denise J. Baker,  Esq.

Attorney for Parent - Miguel Hull, Esq.

Attorney for Charter School - Paul S. Dalton, Esq.

Hearing Officer:  Lois Hochhauser, Esq.

C. Mata                                              Page 2

I. **INTRODUCTION:**  This hearing took place on February 25, 2003 at the offices of the District of Columbia   Public Schools (DCPS) Student Hearing Office (SHO) located at 825 North Capitol Street in the  District of Columbia regarding **Carlos Mata**[1]. Denise J. Baker, Esq. represented DCPS.  Paul Dalton represented the Stokes Public Charter School (EWS).  Miguel Hull represented Luz Mata, Carlos's mother, who was present.  Review of the due process rights was waived.  Also present were Alberto Navas translator for parent; Cynthia Scott, social worker; Cheron Sutton-Brock, advocate; and Julie Camerata, EWS special education coordinator.

II.  **JURISDICTION:**  The proceeding was conducted pursuant to Individuals with Disabilities Education Act and its regulations; Rules of the Board of Education of the District of Columbia; Section 504 of the Rehabilitation Act and Section 145 of the District of Columbia Appropriations Act of 1999.

III. **ISSUES:** Did EWS and DCPS meet their burden of proof regarding the appropriateness of the disability classification in the individualized education program (IEP)?  If not, is the student entitled to compensatory relief based solely on the inclusion of the incorrect disability classification in the IEP?

IV. **DOCUMENTS ENTERED INTO EVIDENCE:** The documents entered at the February 5 proceeding are incorporated herein.  In addition, EWS introduced: SC 1 – SC 3 and the parent introduced CM 1 – CM 7 into the record.

V.  **SUMMARY OF PROCEEDINGS, DISCUSSION, FINDINGS AND CONCLUSIONS**

At the beginning the hearing, the parties presented argument on EWS's motion to dismiss, which was opposed by the parent.  The basis for the motion was EWS's position that the matter was moot because the student is receiving the necessary services.  After hearing argument and reviewing the documents, the motion was denied.  The reasons will be provided in the body of this Determination.

_____

[1]This hearing was previously scheduled for January 15 and February 5, 2003.  The first hearing was continued at the request of EWS and with consent of the other parties.  The February 5 hearing was continued because the translator for the parent failed to appear and because the parent cannot understand English, and declined to proceed without a translator.

[2]The parent also initially raised the issue of the lack of math goals in the IEP.  However, EWS represented that the goals had been drafted and included in the IEP but that the copy sent to the parent may have been omitted, through clerical error.  The parent accepted this representation and withdrew the issue.

C. Mata                                                    Page 3

    Carlos is identified as other health impaired (OHI) and is
eligible for special education. (SC 2).   He currently attends a
EWS, a public charter school.

    The OHI classification is based on a decision that the student
has Asperger's Syndrome.   The parent contends that this was an
incorrect classification and that the student should have been
identified as learning disabled (LD) even when the first IEP was
drafted on or about July 30, 2002. (SC 2).   EWS states that it
based its decision to identify the student as OHI because of the
reference to Asperger's Syndrome in the psychological assessment
completed in the Summary and Recommendation portion of the
assessment, Dr. Sara Nieves-Grafals, a clinical psychologist,
stated:

> Carlos is a youngster who displays average non-verbal skills
> and significant variability in his verbal functioning. Because
> his attention fluctuates from the outside world to self-
> stimulating and inner directed behavior, his performance varies
> from the 10 years, 2 months level...to 61/2.   Emotionally,
> Carlos is struggling with some negative feelings about himself
> related to his awareness of not being able to measure up to
> what would be expected of a child his age.  His social skills
> are below age level.    Additionally, Carlos engages in
> stereotyped behavior such as rocking, making nonsensical
> sounds, banging on things and echolalia.   With individual
> instruction, he can reorient to the situation at hand.  This is
> a very positive finding.  The aforementioned symptoms suggest
> that he may be suffering from Asperger's Disorder.  With the
> attention he has received, he may have learned to compensate
> for some of his behavioral difficulties.  But a comprehensive
> neurological examination is needed to confirm or rule out this
> possibility.  (Emphasis added).

    The DSM-IV states that "[t]he essential features of Asperger's
Disorder are severe and sustained impairment in social interaction
(Criterion A) and the development of restricted, repetitive patterns
of behavior, interests, and activities (Criterion B)." See DSM-IV.
While it is understandable, given the observations from the
evaluator that the student could have had Asperger's Disorder, it
was improper for EWS to designate the student as OHI due to
Asperger's Disorder based on those observations.  The Hearing
Officer notes that Mr. Dalton represented that the school also
considered descriptions of behavior from the parent and others.
However, there is nothing in the record that states that the
impairments and behaviors were "severe and sustained", the
"essential features" of Asperger's. Id. Asperger's was not even
the diagnosis given by the clinician, who recommended an additional
evaluation.  In fact, the neurological evaluation did not conclude
that the student had Asperger's. (SC-3).

C. Mana                                                    Page 4

The neurological assessment concluded that Carlos has an "academic learning disability in Math". The assessor also noted "significant weaknesses in phonological processing, decoding and encoding". The evaluator found that while Carlos "possesses the verbal fluency to read well...[H] phonological weaknesses are significantly and negatively impacting his language arts achievement". *Id.* The Hearing Officer concludes that the designation of disability in the IEP was incorrect.

The parent claims that this incorrect designation of disability automatically entitles the student to compensatory relief. EWS argues that although the designation may have been incorrect, the IEP itself was providing the services that the student needed and therefore there is no automatic entitlement to compensatory relief. It is undisputed that hearing officers have the authority to grant compensatory relief. *Harris v. District of Columbia* (D.D.C. 1992). In *Parents of Student W v. Puyallup School District No. 3,* 21 IDELR 723 (1994), compensatory education was determined to be "an equitable and not a contractual remedy". A "fact specific" analysis must be undertaken in each case. Case law has established that there is no automatic entitlement and that each case must be examined on its own merits. The Hearing Officer will not order compensatory relief without some evidence that the student was denied services as a result of the incorrect designation and that the denial impacted on his special education program. There was no evidence presented by either party regarding the IEP. There was no allegation that the IEP lacked goals and objectives that the student required or that the student was not receiving appropriate services. The only fact that is clear is that the IEP listed the wrong designation of disability. Since there is no automatic entitlement, the Hearing Officer will not make any assumptions regarding the student's entitlement.

At the proceeding, the Hearing Officer advised the parties that she would be ordering that the MDT/IEP team reconvene to consider the neurological report and revise the IEP, as needed, in light of the incorrect designation of disability and the neurological assessment. The parties agreed on a date for this meeting. The parent agreed to proceed even if the neuropsychologist could participate only by telephone and not in person. The Hearing Officer will direct that the parties discuss the student's entitlement to compensatory relief and develop a program if they agree on the entitlement. If they do not, the parent may seek a hearing on that issue.

C. Mata                                          Page 5

VI.  **DETERMINATION:** Based on the above findings and conclusions, and consistent with the analysis herein, it is hereby ordered:

**ORDERED:**    The MDT/IEP team is to reconvene to consider the neurological report and revise the IEP, as needed, in light of the incorrect designation of disability and the neurological assessment. The IEP must be revised on or before **March 11, 2003**, and review of the IEP. The meeting will proceed even if the neuropsychologist participates by telephone and not in person. The parties are directed to discuss the student's entitlement to compensatory relief and develop a program if they agree on the entitlement. If they do not, the parent may seek a hearing on that issue.

Lois Hochhauser, Esq.
Hearing Officer

Submitted 2/28/03

Date issued:    3-3-03

**This is a final administrative decision.  Appeals can be made to a court of competent jurisdiction within thirty days of the date of this Determination.**



**Law Offices of**
# MURRELL & BROWN

1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
Tel. (202) 742-2000
Fax (202) 742-2098

November 4, 2002

Ms. Anne Gay
Assistant Superintendent, Division of Special Education
District of Columbia Public Schools
825 North Capital Street, 8th floor, NE
Washington, D.C. 20002
**<u>Via facsimile only</u>**

      **RE:    Notice of Denial of FAPE for Carlos Mata, DOB 3/3/92, student at
                Elise Whitlow Stokes Community Freedom PCS**

Dear Ms. Gay:

       I am one of the attorneys representing Ms. Luz Mata, mother of Carlos Mata, in her
efforts to obtain special education services for her son. Please be advised that the child is
currently a student at Elise Whitlow Stokes Community Freedom PCS, which is its own Local
Educational Agency for purposes of special education. I am writing to you now to inform you
that Stokes Charter School has failed to provide this child with a Free Appropriate Public
Education as required by the Individuals with Disabilities Education Act, and to request that
District of Columbia Public Schools, as the respective State Agency, take the necessary steps to
rectify this situation.

       Specifically, on July 30, 2002, a multi-disciplinary team met on behalf of Carlos and
developed an initial IEP in which Carlos was provided with eleven hours of specialized
instruction and related services per week and classified as Other Health Impaired, based on his
suffering from Asperger's Syndrome. <u>See attached IEP and notes dated 7/30/02.</u> Before this
meeting, Carlos had gone through a psychological-educational evaluation that diagnosed a
mathematics disorder, found evidence of emotional problems, and possible Asperger's
Syndrome, for which a neuropsychological evaluation was recommended. <u>See attached
Psycho-ed 6/27/02.</u> At the meeting on July 30th, however, the team failed to include the
mathematics disorder in the IEP classification and also failed to develop math goals and
objectives. <u>See</u> 34 C.F.R. Sec. 300.346 (a) (1) ("In Developing each child's IEP, the IEP team,
shall consider [. . .] the results of the initial or most recent evaluation of the child."); 34 C.F.R.
Sec. 300.347 (a) (IEP is to include a statement of goals and objectives). In addition, rather
than refer the child for the neurological-psychological evaluation that the psycho-educational
recommended, the team at Stokes merely instructed the parents to obtain the evaluation on their

1

own, in gross violation of the Individuals with Disabilities Act. See 34 C.F.R. Sec. 300.532 (g) ("Each public agency shall ensure, at a minimum, that [. . . ] the child is assessed in all areas related to the suspected disability [. . . ]"); and 34 C.F.R. Sec. 300.532 (h) ("Each public agency shall ensure, at a minimum, that [. . . ] the evaluation is sufficiently comprehensive to identify all of the child's special education and related services needs, whether or not commonly linked to the disability category in which the child has been classified."). Accordingly, through their failure to properly classify and their failure to comprehensively evaluate, Stokes Charter School has been unable or unwilling to provide Carlos Mata with a Free Appropriate Public Education. Because of this, the parents respectfully request that DCPS become involved in this case.

Thank you for your attention and please do not hesitate to call me if you have any questions or comments.

Yours truly,

Miguel A. Hull

MH/jf
Enclosures: as stated

Cc:    Ms. Judy Smith, Executive Director, Mediation and Compliance, Division of Special Education
Office of the General Counsel, DCPS
Paul Dalton, Counsel for Elise Whitlow Stokes Community Freedom PCS
Principal, Elise Whitlow Stokes Community Freedom PCS

2

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              0595
CONNECTION TEL                   92024425518
CONNECTION ID        DCPS SPECIAL EDU
ST. TIME             11/04 18:12
USAGE T              06'21
PGS. SENT             16
RESULT               OK
```

**Law Offices of**
**MURRELL & BROWN**

1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
Tel. (202) 742-2000
Fax (202) 742-2098

# FAX COVER SHEET

DATE:          November 4, 2002

TO:            Anne Gay, Assistant Superintendent, Division of Special Education, District
               of Columbia Public Schools

TEL NO.:       202-442-5000

FAX NO.:       202-442-55517/18

FROM:          Miguel A. Hull, Esq.

SUBJECT:       **Notice of Denial of FAPE for Carlos Mata, DOB 3/3/92, student at Elise
               Whitlow Stokes Community Freedom PCS**

NUMBER OF PAGES INCLUDING COVER SHEET:          ~~three~~
                                                16

COMMENTS:

```
*********************
***    TX REPORT    ***
*********************


TRANSMISSION OK

TX/RX NO            0596
CONNECTION TEL             92024425098
CONNECTION ID       OFF.OF GENERAL C
ST. TIME            11/04 18:19
USAGE T             02'16
PGS. SENT            16
RESULT              OK
```

**Law Offices of**
**MURRELL & BROWN**

1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
Tel. (202) 742-2000
Fax (202) 742-2098

# FAX COVER SHEET

DATE:           November 4, 2002

TO:             Office of the General Counsel, District of Columbia Public Schools

TEL NO.:        202-442-5000

FAX NO.:        202-442-5098

FROM:           Miguel A. Hull, Esq.

SUBJECT:        **Notice of Denial of FAPE for Carlos Mata, DOB 3/3/92, student at Elise Whitlow Stokes Community Freedom PCS**

NUMBER OF PAGES INCLUDING COVER SHEET:    ~~three~~  *16*

COMMENTS:

```
************************
***   TX REPORT   ***
************************
```

TRANSMISSION OK

TX/RX NO              0597
CONNECTION TEL                    92024425524
CONNECTION ID        MEDIATION & COMP
ST. TIME             11/04 18:22
USAGE T              02'36
PGS. SENT             16
RESULT               OK

**Law Offices of**
# MURRELL & BROWN

1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
Tel. (202) 742-2000
Fax (202) 742-2098

# FAX COVER SHEET

DATE:           February 8, 2002

TO:             Ms. Judy Smith
                Mediation and Compliance, Division of Special Education

TEL NO.:

FAX NO.:        202-442-5524

FROM:           Miguel Hull, Esq.

SUBJECT:        **Notice of Denial of FAPE for Carlos Mata, DOB 3/3/92, student at Elise Whitlow Stokes Community Freedom PCS**

NUMBER OF PAGES INCLUDING COVER SHEET:      ~~three~~  16

COMMENTS:

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| TX/RX NO | 0598 | |
|---|---|---|
| CONNECTION TEL | | 97036423101 |
| CONNECTION ID | | |
| ST. TIME | 11/04 18:25 | |
| USAGE T | 04'42 | |
| PGS. SENT | 16 | |
| RESULT | OK | |

**Law Offices of**
# MURRELL & BROWN

1220 L Street, N.W.

Suite 700
Washington, D.C. 20005
Tel. (202) 742-2000
Fax (202) 742-2098

# FAX COVER SHEET

DATE:        November 4, 2002

TO:          Paul Dalton, Esq.

TEL NO.:     703 941-4455

FAX NO.:     703 642-3101

FROM:        Miguel A. Hull, Esq.

SUBJECT:     **Notice of Denial of FAPE for Carlos Mata, DOB 3/3/92, student at Elise Whitlow Stokes Community Freedom PCS**

NUMBER OF PAGES INCLUDING COVER SHEET:    ~~three~~ 16

COMMENTS:

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

James E. Brown

Domiento C.R. Hill*◊
Brenda McAllister*◊
Roberta Gambale
Miguel A. Hull
Christopher L. West♦◊

Attorneys at Law

· 1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!◊

Christina R. Busso♦◊
Tilman L. Gerald
Roxanne D. Neloms
John A. Straus*◊

* Admitted in Maryland Only
♦ Admitted in New York Only

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only
Δ Member of the DC Federal Bar

October 6, 2004

Ms. Patricia Crain DeGalarce
Principal
**ELISE WHITLOW STOKES
COMMUNITY FREEDOM PCS**
3220 16th Street, N. W.
Washington, D.C. 20011

> **RE:    Our client: Ms. Luz Mata**
> **Name of Students: Carlos Mata**
> **Date of Birth: March 3, 1992**
> **Date of Hearing: February 25, 2003**

Dear Ms. DeGalarce:

We are enclosing herewith, for your review and favorable consideration, a copy of an invoice that was originally submitted for payment on April 17, 2003 in the amount of $11,890.41. As of the date hereof, the subject invoice remains unpaid. Therefore, we are hereby kindly requesting that you remit the full amount of this invoice upon receipt hereof. If you are without the authority necessary to make the remittance required, kindly forward this letter to the person having such authority so that we can conclude this matter without any further delay. If you should have any questions concerning this matter, you should direct your inquiries to the undersigned. Please note, however, that if payment is not received in full or if alternative satisfactory payment arrangements are not made within fourteen (14) days from the date hereof, we will construe that to mean that you have no intention of resolving this matter amicably and quickly, and we will advise our client accordingly. We close by thanking you in advance for your anticipated prompt remittance and cooperation.

Very truly yours,

JAMES E. BROWN & ASSOCIATES, PLLC

Tilman L. Gerald

Enclosure
TLG:ElsieWhitlow.LMata.ltr.100604



# Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Mata, Carlos |
| Date of Birth | 3/3/92 |
| Date of Request for Hearing | 11/4/02 |
| | Month / Day / Year |
| Parent/Guardian | Luz Mata |
| Address | 1630 Park Road, NW |
| | Washington, DC 20010 |
| Current School | Elise Whitlow Stokes Community Freedom PCS |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 03-003C |
| Date of Payment Request | 4/17/03 |
| Payment Request No. | 1 |
| Date Services Rendered | 10/15/02 to present |
| Current Payment Request | $11,890.41 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN*: **FOR:** **$11,890.41**

## Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Mata, Carlos |
| Date of Birth | 3/3/92 |
| Date of Request for Hearing | 11/4/02 |
| | Month / Day / Year |
| Parent/Guardian | Luz Mata |
| Address | 1630 Park Road, NW |
| | Washington, DC 20010 |
| Current School | Elise Whitlow Stokes Community Freedom PCS |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 03-003C |
| Date of Payment Request | 4/17/03 |
| Payment Request No. | 1 |
| Date Services Rendered | 10/15/02 to present |
| Current Payment Request | $11,890.41 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN:* **FOR:** $11,890.41

## Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

| Attorney Information | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

| Student Information | |
|---|---|
| Student | Mata, Carlos |
| Date of Birth | 3/3/92 |
| Date of Request for Hearing | 11/4/02 |
| | Month / Day / Year |
| Parent/Guardian | Luz Mata |
| Address | 1630 Park Road, NW |
| | Washington, DC 20010 |
| Current School | Elise Whitlow Stokes Community Freedom PCS |
| Home School | |

| Payment Information | |
|---|---|
| Attorneys' Invoice # | 03-003C |
| Date of Payment Request | 4/17/03 |
| Payment Request No. | 1 |
| Date Services Rendered | 10/15/02 to present |
| Current Payment Request | $11,890.41 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN:* **FOR:** $11,890.41

## LEGEND

## ATTORNEY'S

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| TM | Travis Murrell, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| MID | Mary I. DuVall, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. (effective 3/19/03) |

## PARALEGAL'S/ LAW CLERKS/ADVOCATES

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| AJ | Altemese Johnson |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| EG | Edward Garcia |
| WB | Williams Bautista |
| JD2 | Jacqueline Donnell |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| NF | Nuvia Flores |
| HR | Heidi Romero |
| DM | Daniel Myers |
| KD | Kelly Dau |
| LM | Lorraine Mejia |
| MW | Marsha Wells |
| LD | Laura Dau |
| DA | Dixie Avelar |
| DP | Delmis Pineda |
| MT | Michele Torry, BA, L. Cert. |
| MM | Michelle Moody, MA |
| NP | Nadjai Plowden, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| MB | Margo Beeken, MA |
| DJ | Deanine Jones, MA |
| SM | Sharon Millis, M. Ed. |
| GR | Glenda Richmond, MA |
| MJB | Michael J. Byers, MA |
| JD | Jennifer Dugger, MS Ed. |
| CM | Carolyn Monford, MA |
| GH | Garfield Mark Holman, MA |
| MAB | Marlinda Boxley, MA, JD |

James E. Brown, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Carlos Mata



April 16, 2003

In Reference To:  Carlos Mata

Invoice # 12948


Professional Services

|  | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/15/2002 | MH | Initial consultation with parent, paralegal, research and case preparation | 0.58<br>275.00/hr | 159.50 |
|  | AAG | Initial conference with parent in office | 0.58<br>95.00/hr | 55.10 |
| 10/17/2002 | AAG | Drafted letter to advocate | 0.38<br>95.00/hr | 36.10 |
|  | AAG | Draft memorandum of law  to child's attorney | 0.40<br>95.00/hr | 38.00 |
|  | AAG | Drafted translated letter to parent | 1.00<br>95.00/hr | 95.00 |
| 10/21/2002 | CS | Reviewed,Intake info | 0.67<br>150.00/hr | 100.50 |
| 10/23/2002 | JF | Draft request for records to PCS and DCPS | 0.83<br>250.00/hr | 207.50 |
|  | JF | Draft request for reevaluations to PSC and DCPS | 0.83<br>250.00/hr | 207.50 |
| 11/4/2002 | MH | Drafted letter to DCPS / Attorney providng notice of Charter School's denial of FAPE to this child.  Also requested that DCPS, as the SEA, assist in case. | 0.50<br>275.00/hr | 137.50 |
|  | CS | Reviewed psychological eval from 6/27/02 | 0.67<br>150.00/hr | 100.50 |

Carlos Mata                                                                                           Page     2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/4/2002 | CS | Reviewed bilingual S/L eval | 0.50<br>150.00/hr | 75.00 |
|  | MH | Prepared Due Process Hearing request regarding charter school's failure to conduct neurological evaluation and inappropriate disability classification on IEP. Preparation includes review of file, discussion with parent, and drafting and revising of allegations for hearing request. | 2.00<br>275.00/hr | 550.00 |
|  | CS | Reviewed IEP from 7/30/02 | 150.00/hr | NO CHARGE |
|  | MH | Initial review of file. Reviewed intake forms and educational records provided by parent. Began to develop strategy for obtaining FAPE from charter school and DCPS. | 0.92<br>275.00/hr | 253.00 |
| 11/5/2002 | CS | Discussion with the child's attorney | 0.17<br>150.00/hr | 25.50 |
|  | MH | Discussion with advocate | 0.17<br>275.00/hr | 46.75 |
| 11/12/2002 | JF | Drafted and translated letter to parent | 1.17<br>250.00/hr | 292.50 |
|  | CS | Reviewed Psychiatric evaluation report | 0.58<br>150.00/hr | 87.00 |
| 11/13/2002 | CS | Reviewed hearing request | 0.33<br>150.00/hr | 49.50 |
| 11/14/2002 | JF | Reviewed with Attorney and Advocate | 0.17<br>250.00/hr | 42.50 |
|  | CS | Discussion with the child's attorney and legal assistant | 0.17<br>150.00/hr | 25.50 |
|  | MH | Record review & discussion with educational advocate and legal assistant. Discussed status of pending hearing request and need for advocate to conduct observation of child at his school. | 0.17<br>275.00/hr | 46.75 |
| 11/15/2002 | CS | Draft letter to Stokes PCS | 0.33<br>150.00/hr | 49.50 |
| 11/18/2002 | CS | Discussion with Ms.Camerata re: neuro-psych | 0.25<br>150.00/hr | 37.50 |
| 11/19/2002 | CS | Reviewed records | 0.75<br>150.00/hr | 112.50 |
|  | CS | Discussion with Camerata | 0.25<br>150.00/hr | 37.50 |

Carlos Mata                                                                                    Page      3

|              |    |                                                                                                                                                                                                | Hrs/Rate           |    Amount |
|--------------|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--------------------|-----------|
| 11/20/2002   | MH | Discussion with social worker regarding charter school's and DCPS's failure to provide FAPE.                                                                                                    | 0.25 275.00/hr     | 68.75     |
|              | NP | Reviewed Speech / Language report                                                                                                                                                               | 1.00 150.00/hr     | 150.00    |
|              | NP | Reviewed Psychological evaluation report                                                                                                                                                        | 1.00 150.00/hr     | 150.00    |
|              | NP | Reviewed IEP 7/30/02                                                                                                                                                                            | 0.67 150.00/hr     | 100.50    |
| 12/10/2002   | MH | Discussion with DCPS student hearing coordinator, Ms. Rose Gill, in effort to have hearing scheduled.  Hearing request was filed over a month and half ago and is long overdue.                 | 0.08 275.00/hr     | 22.00     |
| 12/11/2002   | KD | Requested interpreter for spanish translation from the student hearing office, Rose Gill                                                                                                        | 0.50 95.00/hr      | 47.50     |
|              | KD | Drafted letter and translated for the parent re:hearing date                                                                                                                                    | 0.50 95.00/hr      | 47.50     |
| 12/16/2002   | CS | Telephone call to Elsie Whitlow – Stokes PCS to schedule observation                                                                                                                            | 0.25 150.00/hr     | 37.50     |
| 12/23/2002   | CS | Reviewed file for upcoming observation                                                                                                                                                          | 1.00 150.00/hr     | 150.00    |
| 12/24/2002   | CS | Research/ observation scheduling @ school; draft letter to PCS                                                                                                                                  | 0.33 150.00/hr     | 49.50     |
| 12/30/2002   | CS | Conference with parent, status on recent behavior @ school.                                                                                                                                     | 0.25 150.00/hr     | 37.50     |
|              | CS | Reviewed additional records in preparation of upcoming observation.                                                                                                                             | 0.67 150.00/hr     | 100.50    |
| 1/3/2003     | CS | Discussion with SW from outside agency regarding IEP meeting updates.                                                                                                                           | 0.17 150.00/hr     | 25.50     |
| 1/6/2003     | CS | Conference with parent, upcoming hearing                                                                                                                                                        | 0.17 150.00/hr     | 25.50     |
| 1/7/2003     | MH | Prepare disclosure to DCPS and charter school.  Reviewed hearing request, MDT notes, evaluations, and other documents to identify exhibits and witnesses.  Drafted disclosure letter with legal assistant who assisted in review of documents. | 1.50 275.00/hr     | 412.50    |
|              | CS | Discussion with Julie Camerata at EW Stokes re: observation                                                                                                                                     | 0.33 150.00/hr     | 49.50     |

Carlos Mata                                                                                    Page    4

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 1/7/2003 CS | Reviewed disclosure to DCPS | 1.00 150.00/hr | 150.00 |
| 1/8/2003 KD | Assisted attorney to prepare disclosure to DCPS | 1.50 95.00/hr | 142.50 |
| 1/9/2003 KD | Research educational needs / re-file docs used in disclosure and tab docs | 0.75 95.00/hr | 71.25 |
| 1/10/2003 MH | Prepared for Due Process Hearing regarding DCPS's inappropriate placement of child.  Reviewed case with educational advocate who is expected to be witness at hearing.  Discussed her potential testimony. | 0.33 275.00/hr | 90.75 |
| CS | Prepared for Due Process Hearing; reviewed for hearing testimony | 0.33 150.00/hr | 49.50 |
| 1/13/2003 CS | Discussion with, Julie Camerata @ EW Stokes regarding school meeting | 0.25 150.00/hr | 37.50 |
| 1/14/2003 CS | Reviewed neuro testing by DCPS | 0.33 150.00/hr | 49.50 |
| MH | Drafted letter to Student hearing office / Attorney regarding parent's opposition to charter school's request for continuance of hearing. | 0.33 275.00/hr | 90.75 |
| 1/15/2003 CS | Reviewed with Julie Camerata re: observation | 0.17 150.00/hr | 25.50 |
| KD | Phone call to school to re-schedule the classroom observation per Cheron Sutton-Brock | 0.25 95.00/hr | 23.75 |
| 1/16/2003 KD | Drafted letter and translated for the parent regarding case status | 1.08 95.00/hr | 102.60 |
| KD | Research educational needs/ review records and read case notes | 0.75 95.00/hr | 71.25 |
| 1/17/2003 KD | Research educational needs/re-file documents used in disclosure | 0.33 95.00/hr | 31.35 |
| CS | Draft letter to Julie Camerata regarding programming | 0.58 150.00/hr | 87.00 |
| 1/24/2003 JF | Research educational needs | 0.75 250.00/hr | 187.50 |
| 1/28/2003 CS | Reviewed clinical psychological report | 1.00 150.00/hr | 150.00 |
| KD | Research educational needs/fax documents re: continuance to DCPS and Paul Dalton | 0.25 95.00/hr | 23.75 |

Carlos Mata

Page    5

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/28/2003 JF | Research educational needs; opposing counsel filed request for continuance | | 0.75<br>250.00/hr | 187.50 |
| 2/4/2003 MH | Prepared for Due Process Hearing against DCPS and charter school. Reviewed our file and DCPS disclosure. Prepared opening and closing statements, and direct and cross examinations. Discussions with potential witnesses. | | 1.50<br>275.00/hr | 412.50 |
| CS | Prepared for hearing; Disclosure.info (eval & IEP) for hearing, went over witness testimony | | 1.00<br>150.00/hr | 150.00 |
| 2/5/2003 MH | Prepared for Due Process Hearing against DCPS and Charter School. Continued to work on direct and cross examinations and closing statement | | 2.00<br>275.00/hr | 550.00 |
| CS | School visit at EW Stokes PCS | | 3.00<br>150.00/hr | 450.00 |
| CS | Appearance at hearing with attorney ; | | 1.00<br>150.00/hr | 150.00 |
| KD | Phone call to SHO to confirm interpreter for hearing | | 0.17<br>95.00/hr | 16.15 |
| MH | Appearance at hearing. Hearing was rescheduled because interpreter did not arrive. Time includes travel to and from hearing site as well as time spent waiting for interpreter. | | 1.00<br>275.00/hr | 275.00 |
| 2/6/2003 CS | Reviewed ; progress notes. | | 0.50<br>150.00/hr | 75.00 |
| MH | Reviewed academic report brought in by parent. | | 0.33<br>275.00/hr | 90.75 |
| 2/12/2003 JF | Draft translated letter to parent | | 0.50<br>250.00/hr | 125.00 |
| 2/20/2003 KD | Research educational needs/re-file fax confirmations | | 0.33<br>95.00/hr | 31.35 |
| 2/21/2003 MH | Reviewed Neurological-Psychological evaluation report received this week from Charter School | | 0.67<br>275.00/hr | 184.25 |
| MH | Prepared for Due Process Hearing against DCPS and Charter School. Reviewed disclosure submitted by Charter School. | | 0.83<br>275.00/hr | 228.25 |
| CS | Reviewed ; Disclosure materials for hearing. | | 0.58<br>150.00/hr | 87.00 |
| CS | Research educational needs ; issues relating to DCPS classification on IEP. | | 1.25<br>150.00/hr | 187.50 |

Carlos Mata                                                                                                Page    6

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/21/2003 | CS | Prepared for Due Process Hearing | 1.00<br>150.00/hr | 150.00 |
| | MH | Research on legal issues raised by Charter School in its motion to dismiss claim. Also drafted and revised written response to school's motion. | 1.00<br>275.00/hr | 275.00 |
| 2/24/2003 | JF | Assist attorney to prepare for upcoming hearing | 0.75<br>250.00/hr | 187.50 |
| | MH | Prepared for Due Process Hearing against DCPS and Charter School. Reviewed all disclosed materials, and notes on possible direct and cross examinations. Discussed issues with parent and social worker. | 0.67<br>275.00/hr | 184.25 |
| 2/25/2003 | CS | Appearance to 825 North Capital for due process hearing | 1.75<br>150.00/hr | 262.50 |
| | MH | Appearance to 825 North Capital for due process hearing regarding charter school's failure to provide child with free approrpaite public education. Time includes travel to and from hearing site, last minute review of file and discussion with witnesses, and time spent waiting for hearing to begin. | 1.75<br>275.00/hr | 481.25 |
| 2/27/2003 | LD | File Review and sent letter to parent/student | 0.33<br>95.00/hr | 31.35 |
| 3/4/2003 | MH | Conference with parent re: tutoring issues | 0.17<br>275.00/hr | 46.75 |
| | MH | Conference with parent and social worker (2nd time) | 0.33<br>275.00/hr | 90.75 |
| 3/6/2003 | CS | Attended MDT/IEP @ EW Stokes | 3.00<br>150.00/hr | 450.00 |
| 3/10/2003 | CS | Discussion with Cynthia Scott re IEP | 0.25<br>150.00/hr | 37.50 |
| | CS | Draft letter to attorney IEP | 0.33<br>150.00/hr | 49.50 |
| | KD | Phone call to parent trying to acquire phone number of Social Worker, Cynthia Scott / several attempts - still no answer | 0.25<br>95.00/hr | 23.75 |
| 3/18/2003 | MH | Reviewed Hearing Officer's Determination received today from DCPS. Made notes to file. | 0.17<br>275.00/hr | 46.75 |
| | JEB | Reviewed Hearing Officer's Determination and discussion with attorney | 0.17<br>300.00/hr | 51.00 |

Carlos Mata                                                                        Page    7

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/24/2003 | KD | Drafted letter and translated for the parent/enclosed HOD | 0.50 95.00/hr | 47.50 |
|  | KD | Drafted letter to parent/enclosed HOD | 0.42 95.00/hr | 39.90 |
|  | KD | Reviewed HOD, case notes and main records | 0.75 95.00/hr | 71.25 |
| 4/2/2003 | MH | Conference with parent regarding child's current academic progress and services that he is receiving. | 0.17 275.00/hr | 46.75 |
|  |  | For professional services rendered | 62.19 | $11,500.40 |
|  |  | Additional Charges : |  |  |
| 10/15/2002 |  | Copied documents |  | 2.50 |
| 10/17/2002 |  | Postage |  | 0.37 |
|  |  | Copying |  | 12.00 |
| 10/23/2002 |  | Facsimile to Stokes PCS |  | 5.00 |
|  |  | Facsimile to Ann Gaye |  | 5.00 |
|  |  | Facsimile Veleter Mazyk |  | 5.00 |
| 11/4/2002 |  | Facsimile to SHO |  | 5.00 |
|  |  | Facsimile to Paul Dalton |  | 16.00 |
|  |  | Facsimile to Judy Smith |  | 16.00 |
|  |  | Facsimile to OGC |  | 16.00 |
|  |  | Facsimile to Ann Gay |  | 16.00 |
|  |  | Facsimile received from PCS |  | 11.00 |
| 11/5/2002 |  | Facsimile to Paul Dalton |  | 7.00 |
| 11/7/2002 |  | Copying |  | 2.00 |
| 11/13/2002 |  | Postage |  | 0.74 |
|  |  | Facsimile |  | 1.00 |
| 11/15/2002 |  | Facsimile to Stokes PCS |  | 1.00 |

Carlos Mata                                                                                      Page    8

                                                                                         ___ Amount

| Date | Description | Amount |
|---|---|---|
| 11/20/2002 | Postage | 0.60 |
| 12/10/2002 | Facsimile | 4.00 |
| 12/11/2002 | Mail letter | 0.37 |
| 12/24/2002 | Facsimile | 1.00 |
|  | Facsimile | 1.00 |
| 1/8/2003 | Copied documents | 38.75 |
|  | Messenger Service to and from DCPS | 20.00 |
|  | Copied documents | 38.75 |
| 1/9/2003 | Postage.Disclosure Package. | 2.22 |
| 1/14/2003 | Facsimile received from Dalton | 3.00 |
| 1/16/2003 | Copied documents | 0.50 |
|  | Postage ; Case status  in Eng/Span. | 0.37 |
| 1/28/2003 | Facsimile to R. Gill | 5.00 |
|  | Facsimile received from pyschologist | 9.00 |
| 2/5/2003 | Parking at DCPS for hearing (advocate) | 5.00 |
|  | Sedan taxi service to DCPS (attorney) | 7.00 |
|  | Copied documents; Neuro-psych. | 3.00 |
| 2/6/2003 | Facsimile received from PCS | 7.00 |
| 2/12/2003 | Copied documents | 0.50 |
|  | Postage | 0.37 |
| 2/20/2003 | Postage | 0.37 |
| 2/21/2003 | Copied documents/Five-Days Disclosures | 5.00 |
| 2/25/2003 | Sedan taxi service from DCPS for hearing | 7.00 |
| 2/27/2003 | Postage/ | 0.37 |
| 3/4/2003 | Facsimile received from Dalton | 3.00 |
| 3/10/2003 | Copied documents/ Evals & IEP  To: Attorney | 4.75 |

Carlos Mata                                                                    Page       9

|  |  | Amount |
|---|---|---|
| 3/21/2003 | Postage | 0.60 |
| 3/24/2003 | Copied documents/ HOD w/CVR Letter  For: Advocae & File | 3.00 |
| 4/16/2003 | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $390.01 |
|  | Total amount of this bill | $11,890.41 |
|  | Balance due | $11,890.41 |