UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUZ MATA )<br>parent and next friend of A.M., a minor )<br>and parent and next friend of C.M., a minor )<br>1630 Park Road, NW )<br>Washington, D.C. 20010 )<br> )<br> )<br>**Plaintiffs** )<br> )<br>v. )<br> )<br>**ELSIE WHITLOW STOKES** )<br>**COMMUNITY FREEDOM P.C.S.** )<br>3220 16th Street, NW )<br>Washington, D.C. 20010 )<br> )<br> )<br>**Defendant** )<br>_____ ) | Case No: 1:06CV01457 |

**DEFENDANT STOKE'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COMES NOW, defendant Elsie Whitlow Stokes Community Freedom P.C.S., through counsel, and respectfully requests this Court to dismiss the complaint filed by the plaintiff for failure to state a claim for which relief can be granted or, in the alternative, to enter summary judgment in favor of Stokes.

The reasons for the motion are set forth in the accompanying memorandum of points and authorities.

Respectfully submitted,

**/s/ Paul S. Dalton**
Paul S. Dalton, Esq. [439118]
Dalton, Dalton, & Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUZ MATA )<br>parent and next friend of A.M., a minor )<br>and parent and next friend of C.M., a minor )<br>1630 Park Road, NW )<br>Washington, D.C. 20010 )<br>)<br>     **Plaintiffs** )<br> v. )<br>)<br>ELSIE WHITLOW STOKES )<br>COMMUNITY FREEDOM P.C.S. )<br>3220 16th Street, NW )<br>Washington, D.C. 20010 )<br>)<br>     **Defendant** )<br>_____ ) | Case No: 1:06CV01457 |

**DEFENDANT STOKE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Stokes files this Memorandum in Support of the foregoing Motion pursuant to LcvR 7.1(a).

**PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE
TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

This case is brought by the Plaintiff pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et. seq.* According to section 1415(i)(3)(B) the District Court may award reasonable attorneys' fees to a prevailing party of an administrative hearing.

**1. Plaintiff A.M. was not the Prevailing Party**

In its Due Process Hearing Request notice, dated November 4, 2002, the Plaintiff requested the hearing officer grant relief in the form of finding that Stokes

3

violated IDEA by failing to comprehensively evaluate the child, finding that the ineligibility determination of October 3, 2002 was inappropriate, ordering Stokes to conduct a neurological-psychological and psychiatric evaluation, and convene a BLMDT meeting following the evaluation to determine the child's eligibility. Prior to the hearing date, however, Stokes found the student eligible for special education and at the time of the hearing the student was receiving the necessary services. At hearing, the parent argued that the matter was still ripe for resolution and 35 hours compensatory relief should be ordered. *See* Plaintiff's Exhibit 1, HOD at 2. Stokes had already agreed to provide the student with compensatory education, but maintained that the amount of compensatory education could not be determined until they could quantify the amount of progress that she had made. The hearing officer reasoned that under current case law, compensatory education is an equitable, not contractual, remedy, necessitating a "fact specific" analysis in each case. *See* Plaintiff's Exhibit 1, HOD at 3. Accordingly, the hearing officer agreed that "the matter is not yet ripe for resolution". *See* Plaintiff's Exhibit 1, HOD at 4. The hearing officer concluded that Stokes should convene an MDT meeting at the end of the next quarter to discuss compensatory instructional time, and if the parent did not agree with the decision of the school, then she should seek a hearing on the issue at that time. *See* Plaintiff's Exhibit 1, HOD at 4.

    In its complaint, Plaintiff cites *Farrar v. Hobby,* 506 U.S. 103 (1992) to support its contention that it attained prevailing party status. The Plaintiff, however, overlooked a key provision of the court's opinion. The court did say, as cited by the Plaintiff, that a

party prevails if resolution of the dispute causes "material alteration of the legal relationship between the parties" and the plaintiff obtains "at least some relief on the merits of his claim" that "directly benefit[s] him at the time of the judgment or settlement."  See Complaint at 5, citing *Farrar,* 506 U.S. at 111.  However, the court went on to clarify its position by stating, "[i]n short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *Farrar,* 506 U.S. at 111.  In a later case, the Supreme Court clarified what constitutes the requisite change in legal relationship.  The Court stated, "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change.  Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties".  See *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001).

In this case, the HOD did not change Stokes' behavior, but instead endorsed its planned course of action to wait until the end of the quarter to evaluate the student's progress.  In fact, the hearing officer made it clear that she "concurs with DCPS that the matter is not yet ripe for resolution".  See Plaintiff's Exhibit 1, HOD at 4.  It is nonsensical to claim prevailing party status when the hearing officer reasoned that there wasn't even a matter to be resolved yet.  The meeting was subsequently held by

5

Stokes and the parent never sought a hearing on the issue or otherwise expressed disagreement, indicating that the issue never ripened at all.

**2.    Plaintiff C.M. was not the Prevailing Party**

In its Due Process Hearing Request notice, dated November 4, 2002, the Plaintiff requested the hearing officer grant relief in the form of finding that Stokes violated IDEA by failing to properly classify and provide goals & objectives for the student mathematics disability, finding that Stokes failed to comprehensively evaluate the student, finding that the IEP developed on July 30, 2002 was inappropriate, ordering Stokes to conduct a neuro-psychological evaluation and convene a BLMDT meeting.  By the time of the hearing, Stokes had already completed the neuro-psychological evaluation, and agreed to convene a meeting to review the evaluation and amend the IEP if needed.  After considering all of the evidence, the hearing officer decided that she could not make a determination as to compensatory education, because "[t]here was no allegation that the IEP lacked goals and objectives that the student required or that the student was not receiving the appropriate services".  *See* Plaintiff's Exhibit 2, HOD at 4.

The hearing officer did find that the student had an incorrect designation of disability, but a mere incorrect designation does not automatically entitle the student to prevailing party status.  There must be a determination that the student was denied a Free Appropriate Public Education ("FAPE").  The hearing officer in this case never concluded that the student was denied a FAPE.  In fact, the Plaintiff never even alleged this fact.  Furthermore, as explained above, in order for a plaintiff to "prevail" the relief

on the merits of the claim must in some way modify the defendant's behavior in a way that directly benefits the plaintiff.  In this case, the HOD did not modify Stokes' behavior, because the only order the hearing officer gave was to convene a meeting to review the neuro-psychological evaluation, which Stokes was already willing to do.  The hearing officer determined that if the parent did not agree with the decision of the MDT/IEP team, then the parent may seek a hearing on that issue.  The meeting was subsequently held by Stokes and the parent never sought a hearing or otherwise expressed disagreement.

### 3.     The Fees Requested are not Reasonable

Plaintiffs who prevail under the IDEA in an administrative proceeding or in a court action against the Defendant, may recover reasonable attorneys' fees.  The amount of attorneys fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished."  20 U.S.C. 1415(i)(3)(C).  Regardless of the rate, however, the court must also determine if the plaintiffs expended a reasonable number of hours.  In this case, the hours claimed are clearly excessive.

The invoices submitted by the Plaintiff in the cases of A.M. and C.M. totaled $11,639.36 and $11,890.41, respectively.  These amounts are extraordinary considering the fact that, in both cases, the Plaintiff was merely seeking more testing and meetings.  By the time of the hearings, Stokes had already conducted the requested evaluations and was prepared to hold meetings to discuss both students. Given the simplicity of these cases, Plaintiff's time spent preparing for these hearings

was excessive and unnecessary.

Based on the above, the Defendant, Stokes, respectfully requests the court dismiss the complaint in its entirety or, in the alternative, require the Plaintiff to justify the reasonableness of the fees.


Respectfully submitted,


**/s/ Paul S. Dalton**
Paul S. Dalton, Esq. [439118]
Dalton, Dalton, & Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323
Counsel for Defendant