## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LUZ MATA** | : |
| **Parent and Next of Friend of A.M. and C.M.,** | : |
| **Minors** | : |
| | : |
| **Plaintiffs,** | : |
| | : **Civil Action No. 06-1457 (RMC)** |
| **v.** | : |
| | : |
| **ELISE WHITLOW STOKES  COMMUNITY** | : |
| **PUBLIC CHARTER SCHOOL** | : |
| | : |
| **Defendant**. | : |

## MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THE PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiffs, by and through their attorneys, Tilman L. Gerald and James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of the Defendant's Motion to Dismiss, respectfully represent unto this Honorable Court as follows:

## INTRODUCTION

In the instant matter, Plaintiffs are seeking reimbursement of reasonable attorneys' fees pursuant to the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA). Plaintiffs are seeking reimbursement of reasonable attorneys' fees in above-referenced matter because they were successful at the administrative level in securing some or all the relief requested in their August 28, 2003 Hearing Request, thereby conferring "prevailing party status" upon them pursuant to 20 U.S.C. 1415.

On April 17, 2003, and again on October 6, 2004, Plaintiffs through counsel

1

submitted an invoice to the Defendant requesting reimbursement of reasonable attorneys' fees. To date, the Defendant has neither reimbursed the Plaintiffs the reasonable attorneys' fees as requested nor provided Plaintiffs with a reasonable explanation or basis for its failure to remit payment within a reasonable time after receipt of the referenced invoices. In light of the failure of the Defendant to reimburse the reasonable attorneys' fees in a timely manner and its continued failure to provided a suitable explanation, Plaintiffs could reasonably infer that the Defendant had denied the Plaintiffs' request for reimbursement.

In its papers, the Defendant has alleged that it is not the party liable for the attorneys' fees claimed, that the Plaintiffs are not prevailing parties, and that the fees requested are not reasonable. For the following stated reasons and arguments, Plaintiffs respectfully request this Honorable Court to deny the Defendant's Motion to Dismiss the Complaint or in the Alternative, its Motion for Summary Judgment.

## I. STANDARD OF REVIEW

### A.    *Motion to Dismiss*

A Court will not grant a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987). In this instant, Defendant's motion to dismiss must be denied as the Plaintiffs have, in no uncertain terms, stated a claim upon which relief may be granted.

### B. *Motion for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is

appropriate when the pleadings and the evidence demonstrate that " . . . there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists . . . " The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). The party seeking summary judgment may successfully support its motion by informing the district court of the basis of its motion and identifying those portions of the record including the pleadings, depositions, answers to interrogatories, as well as admissions on file together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact.   Fed.R.Civ.P. 56(c).

There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *also Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).   Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50.   "Summary judgment is appropriate if the non-movant fails to offer evidence on which the jury could find for the [non-movant]." See *Holbrook v. Reno,* 196 F.3d 255, 259-60(D.C. Cir. 1999); *see also Anderson, supra.,* at 249-50.

Once a proper summary judgment motion is filed, the burden then shifts to the non-

moving party to produce "specific facts showing that there is a genuine issue for trial." FED.R.CIV. P. 56(e); *Anderson*, 477 U.S. at 250. The non-moving party, to establish that a genuine issue for trial exists, must do more than simply show there is some ephemeral doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586. In this matter the Defendant failed to submit a statement of material facts as to which there is no dispute. In addition, the Defendant failed to allege any facts that would support a motion for summary judgment. Thus, the Honorable Court must deny the Defendant's Motion for Summary Judgment.

## II. <u>ARGUMENT</u>

### A. <u>PLAINTIFFS ARE THE PREVAILING PARTIES</u>

Plaintiffs are prevailing parties as defined by the Court *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(i.e., material alteration of the parties and are entitled to reimbursement for reasonable attorney fees). Accordingly, this Honorable Court has the authority, pursuant to 20 U.S.C. §1415(i)(3) of the IDEIA, to award those fees. Under the IDEIA, parents who prevail at the administrative level in securing special education services and benefits for their children are entitled to seek reimbursement of reasonable attorneys' fees. The right to reimbursement of reasonable attorneys' fees is a well settled principle in special education law. In *Moore v. District of Columbia*, 907 F.2d 165 (1990), the Court of Appeals for the District of Columbia, in interpreting the former controlling statutes, the Education of the Handicapped Act ("EHA") and the Handicapped Children's Protection Act ("HCPA") allowing an independent cause of action for attorneys' fees, held that the courts may award parents attorney fees upon prevailing in administrative

4

matters.  See *Moore v. District of Columbia*, 907 F.2d 165 (1990).

In *Select Milk Producers, Inc. V. Johanns*, 400 F. 3d 939, (D.C.Cir 2005), the Court outlined the prongs that a party must satisfy to achieve "prevailing party"status and while noting that prevailing party status may be obtained through litigation on the merits, the Court also indicated that settlement agreements enforced through consent decrees may also serve as a basis for an award of attorneys' fees.  Judge Edwards, in *Select Milk*, agreed with the three-prong test set forth in *Buckhannon*, which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief."  See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir. 2005)(quoting *Buckhannon Board & Care Home, Inc.  v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).

At the time of the Administrative Due Process Request was filed, heard and eventually decided by the Impartial Hearing Officer in the case sub judice, the burden of proof, by a preponderance of evidence, fell upon the Defendant as per the IDEA (now "IDEIA").  Moreover, the Defendant was required to go forward and prove by a preponderance of evidence that it had fully complied with the statutory mandates of the IDEA as it relates to C.M.. In this matter, the Hearing Officer's Determination noted that the issue to be decided was "...[D]id EWS and DCPS meet their burden of proof regarding the appropriateness of the disability classification in the individualized educational program

(IEP)?  If not, is the student entitled to compensatory relief based solely on the inclusion of the incorrect disability classification in the IEP..."  The Hearing Officer's Determination evinces in abundant and unbridled clarity that the Defendant failed to shoulder the burden of proof posited upon it.  Moreover, the Hearing Officer found that the "...only fact that is clear is that the IEP listed the wrong designation of disability..."  The Hearing Officer also said that [W]hile it is understandable, given the observations from the evaluator that the student could have Asperger's Disorder, it was improper for the EWS to designate the student as OHI due to Asperger's Disorder based on those observations..."  The aforementioned becomes even more alarming since the diagnosis of Asperger's Disorder was not rendered by the clinician who did the evaluation who according to the Hearing Officer recommended an additional evaluation. (See Hearing Officer's Determination, page 3).

Also the Hearing Officer noted that a neurological evaluation "...did not conclude that the student had Asperger's..."  Thus, though the Defendant has attempted to marginalize and/or minimize the grievous missteps it caused to be visited upon C.M., the Hearing Officer did not find that the Defendant offered any reasonable or justifiable explanation to excuse an obvious impropriety.  The argument asserted by the Defendant that by the time of the hearing the Defendant had already completed the neuro-psychological evaluation and had agreed to convene a meeting, are facts that were noticeably absent from the findings of the Hearing Officer and consequently unworthy of consideration at this juncture.

While the Plaintiffs agree that the Hearing Officer did not decide the issue of compensatory education, she did so only because the record as comprised at the time of the hearing was devoid of any evidence relating to the IEP of C.M.  Specifically, the Defendant,

beyond the representations of its counsel, failed in carrying its burden of proof showing that C.M.'s IEP, notwithstanding the incorrect designation of his disability, included goals and objectives for the student commensurate with and appropriate for his disability as corrected and that he was receiving the appropriate services. The Hearing Officer, in ordering the Defendant to reconvene the MDT/IEP team to consider the neurological report and revise the IEP as needed in *light of the incorrect designation of disability* (emphasis added) marked a discernible alteration in the legal relationship of the parties. It also represented the starting point that C.M. would receive the special education services appropriate for his disability rather than for the incorrect designation which existed prior thereto.

Quite clearly then, had Plaintiffs' not challenged the Defendant's incorrect designation of C.M.'s disability, it is certainly reasonable to infer that the Defendant would not have undertaken any action on its own to effectuate the required remedial or corrective steps. A fair reading of the Hearing Officer's Determination does not reveal that the Defendant had manifested a desire or an intent to convene a meeting to review C.M.'s IEP. The notion advanced by the Defendant, that the Hearing Officer's Determination serves as an endorsement of its action with respect to C.M.., represents a callous and cavalier pronouncement of its empty intention with respect to providing the necessary and appropriate special educational services to C.M.. as required for his disability and one that is clearly unfounded by anything contained within the four corners of the Hearing Officer's Determination. Specifically, the Hearing Officer's finding that the Defendant was guilty of incorrectly designating the disability of C.M. is incontrovertible evidence of a glaring omission which if it had been left uncorrected had the potential of causing further harm to

C.M.. than he had already experienced.  The Hearing Officer took the Defendant to task for its inappropriate behavior rather than endorsing same. Defendant's argument that its behavior was not modified with respect to C.M. is illusory at best, born of a vain imagination that is lost in reality.

Further, the Defendant's argument that the Plaintiffs are not prevailing parties under *Hobby V. Farrar,* 506 U.S. 103 (1992) is plainly misplaced.  The gravamen of its argument apparently is that the Plaintiffs must not only demonstrate a material alteration in the legal relationship of the parties, but that plaintiffs must also demonstrate that they benefitted directly from the change in the relationship in that C.M was now more likely to receive the services that he had not previously received due to the incorrect designation of disability. The order requiring the Defendant to reconvene the MDT/IEP team is surely a material benefit to C.M. and one that was calculated to address the Defendant's monumental oversight as well as remedy areas of concern that otherwise would not have been realized. However, having been ordered to designate the appropriate disability for C.M. and to provide the support services commensurate with that disability, the Defendant placed C.M. in the similar or the same position he would have been in had the Defendant correctly designated C.M.'s disability in the first instance.  C.M., thereby received a direct benefit from the alteration in the legal relationship of the parties.  The Defendant's argument that the Plaintiffs' were not prevailing parties is woefully defective and inherently specious.

With regard to the Defendant's argument that the attorneys' fees claimed by the Plaintiffs' are unreasonable, Plaintiff's submit that the fees claimed are in all respects reasonable.  Plaintiffs further state that the argument of the Defendant is devoid of substance,

8

facially deficient and they respectfully request that this Honorable Court permit them to reserve the right to present further and appropriate argument with respect to the reasonableness of the requested fees at the appropriate time. The Defendant's tirade attacking the validity of the invoice by saying that the hours expended were excessive is wholly without merit.

## III. CONCLUSION

Therefore, for the above reasons and such other argument as may be made upon hearing, if any, the Plaintiffs respectfully request that this Honorable Court enter an Order denying the Defendant's Motion to Dismiss, or the Alternative, Motion for Summary Judgment in its entirety.

Respectfully Submitted,

_____/s/_____
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
(202)742-2000
*Attorneys for Plaintiff*