UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUZ MATA<br>parent and next friend of A.M., a minor<br>and parent and next friend of C.M., a minor<br>1630 Park Road, NW<br>Washington, D.C. 20010<br><br>                Plaintiffs<br><br>v.<br><br>ELSIE WHITLOW STOKES<br>COMMUNITY FREEDOM P.C.S.<br>3220 16th Street, NW<br>Washington, D.C. 20010<br><br>                Defendant | Case No: 1:06CV01457 |

**DEFENDANT STOKES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COMES NOW, defendant Elsie Whitlow Stokes Community Freedom P.C.S., through counsel, hereby replies to Plaintiff's Opposition to Defendant's Motion to Dismiss. In that Opposition, Plaintiff fails to prove that she stated a claim for which relief can be granted.

**PLAINTIFF C.M. WAS NOT THE PREVAILING PARTY**

In its Opposition, Plaintiff is correct in asserting that, under IDEA, parents of a child with a disability who prevail at the administrative level have the right to reimbursement of reasonable attorney's fees. Plaintiff errs, however, in maintaining

1

that it had achieved prevailing party status in the hearing on February 25, 2003. According to *Buckannon*,[1]

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

Therefore, in order to be considered a prevailing party, the complaint must effect an alteration in the legal relationship of the parties, which did not happen in this case.

In this case, the Plaintiff was seeking a determination that Stokes violated IDEA by failing to properly classify and provide goals & objectives for the student, by failing to comprehensively evaluate the student, and by failing to develop an appropriate IEP on July 30, 2002. Plaintiff sought to have Stokes ordered to conduct a neuro-psychological evaluation and convene a BLMDT meeting.

By the time of the hearing, Stokes had already completed the neuro-psychological evaluation, and agreed to convene a meeting to review the evaluation and amend the IEP if needed. Additionally, after considering all of the evidence, the hearing officer decided that she could not make a determination as to compensatory education, because "[t]here was no allegation that the IEP lacked goals and objectives that the student required or that the student was not receiving the appropriate services". *See* Plaintiff's Exhibit 2, HOD at 4.

---

[1] 532 U.S. 598, 605 (2001).

The Plaintiff is correct that the Hearing Officer found that the designation of disability in the IEP was incorrect, but it is also true that the Hearing Officer stated, "...it is understandable, given the observations from the evaluator that the student could have had Asperger's Disorder..". *See* Plaintiff's Exhibit 2, HOD at 3. Given the circumstances, this incorrect designation was hardly a "grievous misstep" or "an obvious impropriety" as asserted by the Plaintiff. Furthermore, a mere incorrect designation does not automatically entitle the student to prevailing party status. There must be a determination that the student was denied a Free Appropriate Public Education ("FAPE"). The Hearing Officer in this case never concluded that the student was denied a FAPE. In fact, the Plaintiff never even alleged this fact. The Hearing Officer aptly concluded that she could not order compensatory education, "without some evidence that the student was denied services as a result of the incorrect designation and that the denial impacted his special education program." *See* Plaintiff's Exhibit 2, HOD at 4.

In order for a plaintiff to "prevail" the relief on the merits of the claim must in some way modify the defendant's behavior in a way that directly benefits the plaintiff. The HOD in this case did not modify Stokes' behavior. The only order the hearing officer gave was to convene a meeting to review the neuro-psychological evaluation, which Stokes was already willing to do. As quoted from *Buckannon* above, a defendant's voluntary change in conduct lacks the necessary judicial *imprimatur* on the change. The hearing officer determined that if the parent did not agree with the decision of the MDT/IEP team, then the parent may seek a hearing on that issue. The

3

meeting was subsequently held by Stokes and the parent never sought a hearing or otherwise expressed disagreement.

Finally, the Plaintiff simply confuses Stokes' argument regarding prevailing party status under *Farrar v. Hobby*, 506 U.S. 103 (1992). The court did say, as cited by the Plaintiff, that a party prevails if resolution of the dispute causes "material alteration of the legal relationship between the parties" and the plaintiff obtains "at least some relief on the merits of his claim" that "directly benefit[s] him at the time of the judgment or settlement." See Complaint at 5, citing *Farrar,* 506 U.S. at 111. However, the court went on to clarify its position by stating, "[i]n short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar,* 506 U.S. at 111. The Plaintiff appears to believe that the Hearing Officers order to reconvene the MDT/IEP team meets this definition. What the Plaintiff fails to grasp is that this order did not cause any change or alteration in the behavior of Stokes. As stated above, Stokes was already willing to convene the meeting. As such, this order was superfluous. The Plaintiff calls Stokes' argument that Plaintiff was not the prevailing party "woefully defective and inherently specious," yet the Plaintiff fails to point out any specific actions imposed on Stokes by the Hearing Officer that Stokes was not already willing to do on its own.

## THE FEES REQUESTED ARE NOT REASONABLE

The Plaintiff's Opposition includes a single paragraph addressing the reasonableness of the fees. Rather than address the reasons Stokes listed in its

4

Motion to Dismiss for asserting that the fees were unreasonable, Plaintiff simply shrugs off the claim as a deficient and wholly without merit tirade.  *See* Plaintiff's Opposition at 9.  Without further explanation from the Plaintiff, Stokes need not expand upon its position further.

Based on the above, the Defendant, Stokes PCS, respectfully requests the court dismiss the complaint in its entirety or, in the alternative, require the Plaintiff to justify the reasonableness of the fees

Respectfully submitted,

**/s/ Paul S. Dalton**
Paul S. Dalton, Esq. [439118]
Dalton, Dalton, &  Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323
Counsel for Defendant